# IN THE UNITED STATES FEDERAL DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

**THE ESTATE OF JESSIE LEE WILLIAMS, JR., DECEASED, BY AND THROUGH HIS NEXT FRIEND AND LEGAL REPRESENTATIVE, TERRY WILLIAMS, ADMINISTRATOR OF THE ESTATE OF JESSIE LEE WILLIAMS, JR.**



SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAR 1 4 2006

BY_____ J.T. NOBLIN, CLERK
_____DEPUTY

**PLAINTIFF**

**VS.**    CIVIL ACTION NO.: _1:06cv196 LG-RHW_

**HARRISON COUNTY, MISSISSIPPI, by and through its Board of Supervisors HARRISON COUNTY SHERIFF DEPARTMENT, SHERIFF GEORGE PAYNE, officially and in his individual capacity, DIRECTOR OF CORRECTIONS MAJOR DIANNE GASTON-RILEY, officially and in her individual capacity, BOOKING SUPERVISOR CAPTAIN RICK GASTON, officially and in his individual capacity, TRAINING DIRECTOR CAPTAIN PHIL TAYLOR, officially and in his individual capacity, CENTRAL CONTROL OFFICER LEAH RICHARDSON , officially and in her individual capacity, BOOKING ROOM DEPUTY LEO DEGEORGE, officially and in his individual capacity, BOOKING ROOM DEPUTY EVAN HUBBARD, officially and in his individual capacity, MEDICAL ADMINISTRATOR DAVID DECELLE, officially and in his individual capacity, DEPUTY REGINA RHODES, officially and in her individual capacity, DEPUTY MORGAN THOMPSON, officially and in his individual capacity, RYAN TEEL, in his official and individual capacity, HEALTH ASSURANCE LLC and OTHER UNKNOWN JOHN and JANE DOES A-Z, also in their official and individual capacities**

**DEFENDANTS**

## COMPLAINT
### (THE PLAINTIFF DEMANDS A TRIAL BY JURY)

-1-

COMES NOW, the Plaintiff, the Estate of Jessie Lee Williams, Jr., Deceased, by and through his next friend and legal representative, Terry Williams, the Administrator of the Estate of Jessie Lee Williams, Jr., in the above styled and numbered civil action, by and through his counsel of record, Michael W. Crosby, who files this his Complaint against the aforementioned Defendants. In support of the same, the Plaintiff states, avers and gives notice of the following:

## PRELIMINARY STATEMENT

1.      This is a Federal Civil Rights action brought as a result of what the Plaintiff believes was a blatant violation of, *inter alia,* the federal civil, constitutional and human rights of the Deceased, Jessie Lee Williams, Jr., who while in the custody of the Harrison County Sheriff Department on February 4, 2006, was beaten so severely that he was later rushed to the emergency room at the Memorial Hospital at Gulfport.  As a direct and proximate consequence of the injuries the Deceased received at the hands of certain Harrison County Deputies, he later died on February 6, 2006.  It is alleged that the Deceased's rights under certain federal statutes, to include 42 U.S.C. Sections 1983, 1985, and 1986, together with certain rights under the Constitutions of the United States of America and the State of Mississippi were violated.  Jessie Lee Williams, Jr., is survived by six children. It is on behalf of the Estate of Jessie Lee Williams, Jr., and the beneficiaries thereto, i.e., his children, that the Administrator of the Estate, Mr. Terry Williams, file this action and prays for the relief set forth in the following paragraphs.

## STATEMENT OF THE FACTS

2.      Prior to February 4, 2006, years and months, arrested individuals in the booking room were subjected to unnecessary and unreasonable violence at the hands of various deputies. The abuse, for the most part, was directed at and exploded upon those who failed to obey in the exact manner that

the booking deputies thought that they should act. The abuse began to intensify as the fatal day for

Jessie Lee Williams, Jr. approached. For instance, on August 25, 2005, a Caucasian man arrested

for Public Drunk was taken into the shower room by an African-American male booking officer,

and when the arrestee did not comply as fast as the officer thought he should, the officer, with his

black leather gloves punched the arrestee in the face, and broke his jaw on both sides.  A written

complaint was file, but no disciplinary action was taken.

3.      Further, on October 3, 2005, when an Hispanic man had difficulty understanding a command

to put his shoes on the counter, his inability to understand English was simply assumed to

be a failure to comply - resulting in a severe beating involving punching, kicking, until an outside

office arriving with another arrestee yelled, "Hey, did it ever occur to you that he might not be able

to speak English." The booking officer stopped the beating, and with one hand, picked the Hispanic

male up by the back of the collar, walked over to a holding cell and threw him inside.

4.      One of the two men already in the cell made the mistake of saying, "I  wish you would try

to do that to me," at which time the large guard held one finger up and said, "I'll be right back." The

booking deputy walked over to the location they kept their black leather gloves, put them on, and

with the aid of another booking officer, went back to the cell and retrieved the man who smarted

off to him and proceeded to beat to the ground and kick in the head and face the Caucasian male.

While kicking and beating, the booking officers continued to yell, "quit resisting," and the

Caucasian male continued to beg and state "I'm not resisting."

5.      Other abuse involved ordering arrestees into the shower/dressing room which had no

cameras, the booking guards striking the arrestees, and inciting them to fight them and then step out

to the view of the camera where the booking guards would use the typically much smaller arrestees

defending themselves which the booking officers would use as their justification to beat them without mercy.

6.    Such action took place against all races and both genders. Injuries included many black eyes, broken bones, injured muscles, concussions, and psychological damage beyond description. The worse case of documented abuse known by this attorney, which was committed by the Ryan Teel less than 30 days prior to the homicide of Jessie Williams took place on January 7, 2006, when an intoxicated African American male made the tragic mistake of looking into the female holding cell, which brought down upon him the sadistic wrath of the booking officers who beat, and kicked this man.

7.    This man was put into the restraining chair a/k/a devil's chair and Teel requested a spit sack. Instead of a spit sack, a sheet was given to Teel who tightly wrapped the sheet around the man's head so tight that one could easily see his facial features. Ryan Teel then obtained water which he began to pour through the opening in the sheet - causing much pain and terror in the restrained man. A complaint was filed in due course, and the administration was specifically warned if someone did not do something about Deputy Teel, someone was going to die. They were correct.

8.    On February 4, 2006 Jessie Lee Williams, Jr. was arrested by the Gulfport Police Department and charged with misdemeanors. He was speaking loudly and protesting his innocence. Prior to his arrival at the Harrison County Adult Detention Facility, the Gulfport officer called in and informed the booking officers that we have a "live one" coming in. Ryan Teel stated, "it's about time we got some action around here," and he and Regina Rhodes put on their black leather gloves.

9.    They met Jessie at the door, but Jessie was behaving properly, and not in a manner expected by the booking officers. He was told to stand up against the wall next to a man he was brought in

with and next to two Hispanic males. Jessie stepped away from the wall and Teel marched over to him and slammed Jessie into the wall - very hard.  Jessie protested, and eventually stepped about a foot away from the wall again, at which time, Regina Rhodes, stomped over to him and slammed him into the wall. Jessie proclaimed, that they were wrong for that, that you shouldn't hit a man in hand cuffs, and if they wanted to fight, they should take the handcuffs off and fight fair - one on one. Ryan Teel said I'll give you that opportunity in a few minutes when I finish my paperwork.

10.     Teel did finish his paperwork, and then he called Jessie to the counter. Teel took off the cuffs and told him to put his hands on the counter. He did. Teel then asked, "so what is this about you wanting some one on one?" Jessie said something which the witnesses couldn't understand, but it appeared that he was backing down to Teel. Teel then said, put you shoes on the counter. Jessie bent down to get his shoe and Teel kicked him in the chest. Jessie went back some, but never raised up. Teel again ordered, "put your shoe on the counter." Jessie reached for his shoe when Teel slapped him very hard in the head. Jessie charged Teel and took Teel down to the ground.

11.     Numerous booking officers grabbed Jessie and pulled him off of Teel. Jessie was standing up right when Teel took out his taser and shot Jessie in the back. Jessie went to the ground. Teel put the taser numerous times to Jessie's back and back side burning holes in his flesh. Numerous guards started kicking and hitting Jessie. Jessie was screaming, "alright, I give." Teel dropped on Jessies' neck and head with his knees, raised up and then dropped on his head again - repeatedly. Regina Rhodes got on his legs and continued to punch and beat Jessie. Teel started to punch and hammer slammed Jessie in the head  repeatedly with his fists. They hog-tied Jessie, hands to feet. Blood was pouring from Jessie's mouth and Regina Rhodes stated, "that is crack-head spit - so Teel put a sack on Jessie's head. Regina Rhodes handed Teel a can of pepper spray. Teel sprayed the entire can into

the sack. Jessie began thrashing and screaming that he gave up. Rhodes and Teel kicked Jessie more saying, "quit resisting."

12.     Then, with one hand, Teel picked Jessie up, carried him like a suitcase, and dropped him to the floor, face first. He then picked him up again, and dropped him face first to the concrete floor again. The booking guards then rolled Jessie up into an elastic fabric (something like a straight jacket) and put him into the restraining chair. While in the chair, Teel choked and beat Jessie over a period of time. Eventually, when Jessie was unable to raise his head, he poured water on his face and said, "oops, don't drown."

13.     On the evening of February 4, 2006, there were several other unknown persons present in the booking room. Among them were parol officers assigned to the Harrison County Sheriff Department, one Long Beach Police Department Officer and a Pass Christian Police Officer. Medical personnel assigned to the Harrison County Sheriff Department was also present. Reports say that there were two nurses employed by Health Assurance LLP, a private company that contracts with Harrison County to provide medical services to persons detained at the Harrison County Adult Detention Center. Neither the unknown police officers nor the nurses present sufficiently intervened and stopped the abuse nor did any one provide Jessie with medical assistance when the same was immediately necessary.

## PARTIES

14.     The Plaintiff is the Estate of Jessie Lee Williams, Jr., Deceased. The suit is brought by its duly appointed Administrator, Terry Williams, the brother of the Deceased. At the time of his death, the Deceased, Jessie Lee Williams, Jr., was a citizen of the United States of America and the State of Mississippi wherein he resided in Harrison County, First Judicial District. The injuries inflicted

upon the Deceased were done so while he was being held on a misdemeanor charge in the Harrison County Adult Detention Center in Gulfport, Mississippi, while the Center was under the supervision and control of the Defendant, Sheriff George Payne.

15.    The Defendant, Harrison County, Mississippi, is a political subdivision of the State of Mississippi and is the entity responsible for the oversight and funding of the Harrison County Sheriff Department. This Defendant may be served with process by effecting the same upon the president of the Board of Supervisors, Ms. Connie Rocko, and/or the Chancery Clerk for Harrison County, Mississippi, Mr. John McAdams at Harrison County Courthouse in Gulfport, Mississippi.

16.    The Defendant, the Harrison County Sheriff Department, is a political entity or subdivision organized to provide security and safety to and for the citizens of Harrison County, Mississippi. This Defendant may be served with lawful process by serving Sheriff George Payne, or his designee, at the Harrison County Courthouse in Gulfport, Mississippi or at the Harrison County Adult Detention Center at 10451 Larkin Smith Drive Gulfport, Mississippi.

17.    The Defendant, George Payne, is an adult resident citizen of Harrison County, Mississippi, First Judicial District. At all times material hereto this Defendant was the duly elected Sheriff of Harrison County, Mississippi, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Harrison County, Mississippi, to include the Deceased, Jessie Lee Williams Jr. This Defendant is sued in his official and his individual capacities. He may be served with lawful process at the Harrison County Courthouse in Gulfport, Mississippi, or by effecting service upon his duly authorized designee, at the Harrison County Courthouse in Gulfport, Mississippi, or at the Harrison County Adult Detention Center at 10451 Larkin Smith Drive

-7-

Gulfport, Mississippi.

18.    The Defendant, Major Dianne Gaston-Riley, Director of Corrections, is an adult resident citizen of Harrison County Mississippi. She is sued in her official and individual capacities. At all times material hereto she was employed by the Defendants, Harrison County, Mississippi, Sheriff George Payne and the Harrison County Sheriff Department. She was directly responsible for overseeing the administration of the Harrison County Adult Detention Center, developing, implementing and enforcing policies and procedures regarding the conduct of officers, their training, hiring and firing, the handling and/or processing of persons being detained, and for protecting the rights, privileges and immunities of every person in the custody of the Harrison County Adult Detention Center. She may be served with lawful process at her place of employment the Harrison County Adult Detention Center 10451 Larkin Smith Drive Gulfport, Mississippi.

19.    The Defendant, Captain Rick Gaston, Booking Supervisor, is an adult resident citizen of Harrison County Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Defendants, Harrison County, Mississippi, Sheriff George Payne and the Harrison County Sheriff Department, and he was in charge of devising policies and procedures regarding the booking process, the handling of persons being detained and/or processed in booking, supervising the booking personnel, implementing and enforcing such policies and procedures and generally overseeing the entire booking process, to include overseeing the training of Deputies and evaluating their continued performance. He may be served with lawful process at his place of employment the Harrison County Adult Detention Center 10451 Larkin Smith Drive Gulfport, Mississippi.

20.    The Defendant, Captain Phil Taylor, Training Director, is an adult resident citizen of

-8-

Harrison County Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Defendants, Harrison County, Mississippi, Sheriff George Payne and the Harrison County Sheriff Department and he was in charge of the training provided to the members of the Harrison County Sheriff Department, to include those assigned to the booking department. He may be served with lawful process at his place of employment the Harrison County Adult Detention Center 10451 Larkin Smith Drive Gulfport, Mississippi.

21.     The Defendant, Deputy Leah Richardson, is an adult resident citizen of Harrison County Mississippi. She is sued in her official and individual capacities. At all times material hereto she was employed by the Defendants, Harrison County, Mississippi, Sheriff George Payne and the Harrison County Sheriff Department, and she was the Central Control Officer charged with the responsibility to observe the surveillance cameras in the Harrison County Adult Detention Center, to include the booking department. She may be served with lawful process at her place of employment the Harrison County Adult Detention Center 10451 Larkin Smith Drive Gulfport, Mississippi.

22.     The Defendant, Deputy Leo DeGeorge, is an adult resident citizen of Harrison County Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Defendants, Harrison County, Mississippi and the Harrison County Sheriff Department, and on the date in question he was assigned to the booking department and was present while the Deceased, Jessie Lee Williams, Jr., was being abused and beaten. He may be served with lawful process at his place of employment the Harrison County Adult Detention Center at 10451 Larkin Smith Drive Gulfport, Mississippi.

23.     The Defendant, Deputy Evan Hubbard, is an adult resident citizen of Harrison County

Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Defendants, Harrison County, Mississippi and the Harrison County Sheriff Department, and on the date in question he too was assigned to the booking department and was present while the Deceased, Jessie Lee Williams, Jr., was being abused and beaten. He may be served with lawful process at his place of employment the Harrison County Adult Detention Center at 10451 Larkin Smith Drive Gulfport, Mississippi.

24.    The Defendant, David Decelle, the Medical Administrator for the Harrison County Adult Detention Center, is an adult resident citizen of Harrison County Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Defendants, Harrison County, Mississippi, Sheriff George Payne and the Harrison County Sheriff Department to oversee the providing of adequate medical services and was in charge of ensuring that proper, prompt and professional medical assistance was provided to each person or persons detained in the custody of the Harrison County Sheriff Department when the same was necessary or the circumstances warranted. He may be served with lawful process at his place of employment the Harrison County Adult Detention Center 10451 Larkin Smith Drive Gulfport, Mississippi.

25.    The Defendant, Deputy Regina Rhodes, is an adult resident citizen of Harrison County Mississippi. She is sued in her official and individual capacities. At all times material hereto she was employed by the Defendants, Harrison County, Mississippi, Sheriff George Payne and the Harrison County Sheriff Department. She may be served with lawful process at her place of employment the Harrison County Adult Detention Center 10451 Larkin Smith Drive Gulfport, Mississippi.

26.    The Defendant, Deputy Ryan Teel, is an adult resident citizen of Harrison County

Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Defendants, Harrison County, Mississippi, Sheriff George Payne and the Harrison County Sheriff Department. He may be served with lawful process at his residence.

27.     The Defendant, Deputy Morgan Thompson, is an adult resident citizen of Harrison County Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Defendants, Harrison County, Mississippi and the Harrison County Sheriff Department. He may be served with lawful process at his place of employment the Harrison County Adult Detention Center at10451 Larkin Smith Drive Gulfport, Mississippi.

28.     The Defendant, Health Assurance LLC was at all times material hereto the contract medical provider retained to provide medical services or assistance to detainees at the Harrison County Adult Detention Center. This Defendant is a domestic corporate entity with it principal place of business located at 5903 Ridgewood Road Suite 320 Jackson, Mississippi 39211. It may be served with process at the Harrison County Adult Detention Center 10451 Larkin Smith Drive Gulfport, Mississippi or by effecting service of process upon its registered agent Melvin Priester at 371 Edgewood Terrace Drive Jackson, Mississippi 39206.

29.     The Defendants', Unknown John and Jane Does, identities are not known to the Plaintiff at this time. However, it is believed that they are adult resident citizens of Harrison County Mississippi and through the discovery process it is believed that their identities will become known and at that time the Plaintiff will seek leave of this Honorable Court to amend his Complaint and identify the unknown persons and serve them with process for wrongs committed and violations against the rights, privileges and immunities of the Deceased, Jessie Lee Williams, Jr., all of which it is alleged were committed in their official and individual capacities, as members of the Harrison

County Sheriff Department, Health Assurance, LLC or other individuals acting in concert with such person or persons named as Defendants herein or who may be discovered to have acted in a manner detrimental to the rights, privileges and immunities of the Deceased, Jessie Lee Williams, Jr.

## JURISDICTION

30. The Plaintiff herein invokes the federal question jurisdiction of this Honorable Court pursuant to 28 U.S.C. Sections 1331 & 1343 to obtain a judgment for the costs of suit, including reasonable attorneys' fees, and damages suffered and sustained by the Deceased, Jessie Lee Williams, Jr., and caused by the Defendants' blatant violation of the rights, privileges and immunities of the Deceased, Jessie Lee Williams, Jr., as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and by the applicable Federal statutes, more particularly, 42 U.S.C. Sections 1983, 1985(3), 1986 & 1988. Additionally, this Honorable Court has jurisdiction to adjudicate the pendent or supplemental state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiff as herein stated. Finally, the Plaintiff's action for declaratory and injunctive relief is authorized pursuant to 28 U.S.C. Sections 2201 & 2202.

## VENUE

31. Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the real and immediate harm sustained by the Plaintiff occurred in this judicial district and division.

## COUNT I
## ACTION FOR DEPRIVATION OF CIVIL RIGHTS
### (42 U.S.C. SECTION 1983)

32. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the

forgoing paragraphs.

33.     At all times material hereto, the Defendants were vested with the state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, the Defendants commenced to implement a policy, custom, usage or practice wherein the rights, privileges or immunities of the Deceased, Jessie Lee Williams, Jr., were violated. Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of the Deceased's, Jessie Lee Williams, Jr., right to the equal protection of the laws of the United States of America, the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, the right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, the right against cruel and unusual punishment pursuant to the Eighth Amendment to the Constitution of the United States of America. The violations complained of in this Complaint include, but are not limited to, the use of excessive force, torture, deprivation of identifiable civil rights, i.e., life, liberty and/or property, the unnecessary and wanton infliction of pain in light of the circumstances confronted by the Defendants resulting in a deprivation that was sufficiently serious wherein the Defendants acted, maliciously and sadistically by using force and physical violence designed and intended to cause Jessie Lee Williams, Jr., physical, mental and emotional harm, pain, humiliation and/or injury, and thereafter, evidence a deliberate indifference to the immediate, grave and serious medical needs of Deceased, Jessie Lee Williams, Jr.

34.     As a direct and proximate consequence of the Defendants' actions, Jessie Lee Williams, Jr.,

-13-

was deprived of certain rights, privileges and immunities secured by the Constitution of the United States of America, the laws of this Nation and the State of Mississippi. Specifically, Jessie Lee Williams, Jr's., Fifth and Fourteenth Amendment rights to procedural and substantive due process and equal protection of the laws were violated by the Defendants, together with his Eighth Amendment right proscribing cruel and unusual punishment.

35.     At all times material hereto, the Defendants, Harrison County, Mississippi, Sheriff George Payne, the Harrison County Sheriff Department, Major Dianne Gaston-Riley, Captain Rick Gaston and their agents, representatives, and employees acted pursuant to the policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of the Defendants, Harrison County, Mississippi, the Harrison County Sheriff Department and/or Sheriff George Payne.

36.     It is further averred that the Defendants Sheriff George Payne, Major Dianne Gaston-Riley and Captain Rick Gaston, were the governmental officials whose edicts or acts may fairly be said to represent official policy, practices, customs or regulations of the Defendants, Harrison County, Mississippi, and the Harrison County Sheriff Department. The aforementioned Defendants collectively and individually developed, planned and implemented the policy, custom and/or usage that resulted in and cause the death of the Deceased, Jessie Lee Williams, Jr.

37.     As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived the Deceased, Jessie Lee Williams, Jr., of certain rights guaranteed by the Constitution of the United States of America, the Deceased, Jessie Lee Williams, Jr., suffered immediate and irreparable injury to his person resulting in the deprivation of his constitutional rights, privileges and

-14-

immunities and ultimately causing his wrongful death.  However, while alive and being beaten by

the Defendant Deputies of Harrison County, the Deceased, Jessie Lee Williams, Jr., experienced

extreme pain and suffering, humiliation, degradation, mental distress and severe emotion anguish.

## COUNT II
## ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
### (42 U.S.C. SECTION 1985)

38.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the

foregoing paragraphs.

39.    Prior to the time that the Deceased, Jessie Lee Williams, Jr., was delivered into the custody

of the Harrison County Sheriff Department's booking room Deputies by the Gulfport Police

Department officers who initially arrested him on a misdemeanor charge, certain known (Rhodes,

Thompson, Teel, DeGeorge and Hubbard) and other unknown (John and Jane Does A-Z) members

of the Harrison County Sheriff Department began preparing for the Deceased's arrival.  Their plan

was simply to teach Jessie a lesson and to cause Jessie to suffer and endure a great deal of pain.

This plan culminated in the completion of the agreement and a deprivation of Jessie's constitutional

rights when the Deceased, Jessie Lee Williams, Jr., was so severely beaten, shackled, hogtied,

pepper sprayed, and tazered that he later died as a direct and proximate consequence of the injuries

he sustained while in the custody of the Defendants.  On information and belief, Richardson stayed

at the Central Control, observing everything tat was going on in the booking area and did nothing

to stop the beating nor to summon anyone else to intervene.

40.    There existed at the Harrison County Adult Detention Center a belief, practice, usage and/or

custom that it was perfectly fine to beat and/or abuse detainees who may have "talked too much."

Furthermore, once Deputies Rhodes, Thompson and Teel began violating Jessie Lee Williams, Jr's.,

constitutional rights by utilizing excessive force, beating, abusing and torturing him, those members of the Harrison County Sheriff Department, such as Richardson, DeGeorge, Hubbard (and others) and Health Assurance, LLP, who did not intervene to stop the beating or to report the same, likewise became co-conspirators, aiders and abetters and/or accomplices to the deprivation of Jessie's civil, constitutional and human rights and they are likewise liable for their acts of omission.

41.    Furthermore, the conspiracy to interfere with the Deceased's, Jessie Lee Williams, Jr., civil rights manifested itself in the preparation of several false reports prepared by Deputies Rhodes, Thompson and Teel and others and was further evidenced by Sheriff George Payne when he went on the evening news and falsely informed the public that Jessie Lee Williams, Jr., was on "crack" or "meth" at the time of the incident.  Sheriff George Payne's statement was a lie.  The toxicology report shows that the Deceased, Jessie Lee Williams, Jr., did not have any controlled substances in his systems at the time of his beating. This information was disseminated in a further attempt to cover up the atrocious conduct of Sheriff's employees.

42.    Finally, the conspiracy to interfere with the Deceased's, Jessie Lee Williams, Jr., civil rights manifested itself when employees and representatives of Sheriff George Payne and/or other members of the Harrison County Sheriff Department and/or Health Assurance, LLP, informed the paramedics who transported Jessie to the emergency room that he had consumed certain illegal substances or drugs.  As a direct result of this false information being conveyed to the paramedics, it altered Jessie's treatment once he reached the hospital's emergency room which in turn hastened Jessie's death.

43.    The conspiracy to deprive the Deceased, Jessie Lee Williams, Jr., of certain federally protected rights, privileges and immunities began with a basic agreement among Defendants,

-16-

Rhodes, Thompson, DeGeorge, Hubbard and Teel. It concluded with acts of cover-up, lies and the preparation of false police reports. It is clear from the facts set forth above that the Defendants willfully and maliciously agreed and conspired to engage in a course of conduct that resulted in a blatant violation the Deceased's, Jessie Lee Williams, Jr., constitutional rights through their acts of omission and commission. As a direct and proximate consequence of the Defendants' action on the date in question, the Deceased, Jessie Lee Williams, Jr., was died. Thus the Defendants are jointly and severally liable to the Plaintiff for the injuries, pain, suffering, and resulting death of the Deceased, Jessie Lee Williams, Jr.

## COUNT III
### ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY
### (42 U.S.C. SECTION 1986)

44. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

45. The Defendants, Sheriff George Payne, Director of Corrections Dianne Gaston-Riley, Booking Supervisor Rick Gaston, and unidentified employees of Health Assurance, LLP, knew or reasonable should have known, prior to the death of the Deceased, Jessie Lee Williams, Jr., and the implementation of the conspiracy to deprive him of his federally protected rights that such activity regularly took place in the Harrison County Sheriff Department booking area. There had been previous incidents of abuse and allegations of unnecessary use of excessive force reported by the Harrison County Adult Detention Center to the ACA when it sought accreditation from the ACA.

46. On information and belief last year officials of the Harrison County Adult Detention Center reported that within the preceding 12 months they have received 54 reports of incidents of alleged abuse, 22 of those incidents occurred in booking department and approximately 11 are believed to

have involved Teel. There was one incident reported in the Summer of 2005 as part and parcel of the quarterly reports that are required to be prepared pursuant to the federal consent judgment that referenced an incident involving Rhodes.

47.    However, neither Sheriff George Payne, Dianne Gaston-Riley, Rick Gaston, the members of Health Assurance, LLP nor anyone else in a position of authority to thwart the conspiracy took any action whatsoever to prevent the same from happening. Had these Defendants intervened, the Deceased, Jessie Lee Williams, Jr., would still be alive today.

48.    The Defendants, Sheriff George Payne, Director of Corrections Dianne Gaston-Riley, Booking Supervisor Rick Gaston, and unidentified employees of Health Assurance, LLP, in their individual and official capacities, either intentionally or through their own negligence, failed to expose, prevent or otherwise thwart the conspiracy to deprive the Deceased, Jessie Lee Williams, Jr., and other persons similarly situated, of the equal protections of the laws of this Nation and State notwithstanding the fact that they possessed the authority, power, and ability to halt, annul, void, expose, intervene in or stop the violations before they occurred. Consequently, these Defendants are liable for Jessie Lee Williams, Jr's., death and the deprivations that occurred prior thereto.

## COUNT IV
## FAILURE TO ADEQUATELY TRAIN & SUPERVISE DEPUTIES

49.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

50.    The Defendants, Harrison County, Mississippi, Harrison County Sheriff Department, Sheriff George Payne, Director of Corrections Dianne Gaston-Riley, Booking Supervisor Rick Gaston and the Training Director Phil Taylor, failed to provide adequate and competent training and/or supervision to the Defendant Deputies working in and around the booking room on the date in

-18-

question. The aforementioned Defendants are (and at the time of Jessie's death were) tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs that were to be carried out at the Harrison County Adult Detention Center by the Deputies employed there.

51.    As a direct and proximate consequence of the aforementioned Defendants' failure to properly develop, implement and otherwise devise a policy of adequate police training and/or supervision for its booking room Deputies, the Deceased, Jessie Lee Williams, Jr., was deprived of certain constitutional rights, privileges and immunities which, if properly trained and supervised, every Deputy within the employ of the Harrison County Sheriff Department and Sheriff George Payne would have known of the illegality of the Defendants' conduct on the date in question and Jessie's death and the corresponding deprivation of his civil rights, privileges and immunities would not have happened.

52.    Failure to provide adequate training and supervision to the booking room Deputies in questions was so grossly negligent that it amounted to a deliberate indifference and blatant disregard for the rights, privileges and immunities of the Deceased, Jessie Lee Williams, Jr., and any other person or persons similarly situated. Thus, because of the failure to adequately train and supervise the Defendant booking room Deputies, the aforementioned Defendants are liable for Jessie's death and the deprivation of civil rights associated therewith.

## COUNT V
### NEGLIGENT HIRING, RETENTION AND FAILURE
### TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION

53.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

**54.**    The Defendants, Harrison County, Mississippi, Harrison County Sheriff Department, Sheriff George Payne, Director of Corrections Dianne Gaston-Riley, Booking Supervisor Rick Gaston, were vested with the authority to hire, fire and discipline employees of the Harrison County Sheriff Department. On information and belief the Plaintiff avers that Deputies Rhodes and Teel should never have been hired and/or retained because they are both mentally and psychologically unfit to serve in a capacity such as the one they served in on the date in question. Furthermore, it is believed that records, if not destroyed, will reveal that a recommendation was made prior to Jessie's death to relieve Teel of his duties however, Sheriff George Payne vetoed the recommendation.

**55.**    Furthermore, on information and belief, the Plaintiff will show that over the course of the past eighteen (18) months, there have been numerous complaints made about incidents of abuse, excessive use of force, broken ribs, injured eyes, etc., caused by either Deputy Rhodes or Teel or others unknown assigned to the booking department. The decision by the Defendants Harrison County Sheriff Department, Sheriff George Payne, Director of Corrections Dianne Gaston-Riley, Booking Supervisor Rick Gaston to hire, retain and not discipline these Deputies resulted in the creation of an environment, a hostile environment,  that was subject to explode at any time and it did. Unfortunately for the Deceased, Jessie Lee Williams, Jr., he was within the kill zone when this time bomb exploded. As a direct and proximate consequence of the negligent hiring, retention and failure to discipline or to take the necessary corrective action in the past, regarding Deputies Rhodes and Teel, the aforementioned Defendants are liable for the death and corresponding deprivation of rights sustained by the Deceased, Jessie Lee Williams. Jr.

## COUNT VI
## PENDENT STATE OR SUPPLEMENTAL CLAIMS
### A. BATTERY

**56.**    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

**57.**    After the Deceased, Jessie Lee Williams, Jr., was taken into the custody of the Harrison County Adult Detention Center and placed in the booking area, the Defendants commenced, at some point, to physically beat Jessie inflicting upon him offensive contact to his person.  The offensive contact was intended to cause harm to Jessie and/or to unnecessarily inflict pain and distress upon his body.

**58.**    As a direct and proximate consequence of the beating, i.e., the offensive contact, the Defendants inflicted upon the person of the Deceased, Jessie Lee Williams, Jr., Jessie was injured to such an extent that he ultimately died of his wounds.  Thus the Plaintiff, on behalf of the Estate and children of the Deceased, Jessie Lee Williams, Jr., is entitled to a money judgment against the Defendants, both known and unknown, jointly and severally, who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the illegal beating that was inflicted upon the Deceased, Jessie Lee Williams, Jr.

### B. ASSAULT

**59.**    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

**60.**    The events that give rise to this action that occurred on February 4, 2006 at the Harrison County Adult Detention Center created in the Deceased, Jessie Lee Williams, Jr., a reasonable apprehension that the Defendants, Rhodes, Thompson, Teel, DeGeorge, Hubbard and other

-21-

unknown individuals acting independently and in concert with one another, were going to cause him to suffer or sustain immediate harmful or offensive contact to his person.

61.    As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the assault perpetrated upon the person of the Deceased, Jessie Lee Williams, Jr. Thus the Plaintiff, on behalf of the Estate and children of the Deceased, Jessie Lee Williams, Jr., is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the illegal assault that was inflicted upon the Deceased Jessie Lee Williams Jr.

### C.  CIVIL CONSPIRACY

62.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

63.    On the date in question the Defendants, acting in concert with one another entered into an agreement, expressly or by implication through their joint participation in the beating death of the Deceased, Jessie Lee Williams, Jr., to engaged in conduct that was wrongful, intentional, willful and wanton and designed to inflict upon the Deceased, Jessie Lee Williams, Jr., certain harm, suffering and pain the likes of which can be compared only to episodes of barbaric torture.  The Defendants agreement to engage in such conduct was illegal and amounted to a civil conspiracy against the Deceased, Jessie Lee Williams, Jr.

64.    As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the civil conspiracy to engage in conduct they knew or reasonably should have known was against the law

-22-

and the public policy of this State when the same manifested itself against the interests of the Deceased, Jessie Lee Williams, Jr. Thus the Plaintiff, on behalf of the Estate and children of the Deceased, Jessie Lee Williams, Jr., is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission this civil conspiracy against the Deceased, Jessie Lee Williams, Jr.

### D.  BREACH OF A NON-DELEGABLE FIDUCIARY DUTY

**65.**     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

**66.**     The Defendants failure and/or refusal to provide the Deceased, Jessie Lee Williams, Jr., with prompt, proper, professional, and necessary medical care at a time when the same was absolutely essential constituted a breach of a non-delegable and/or fiduciary duty owed to the Deceased, Jessie Lee Williams. Jr., and other persons similar situated. Furthermore, this same duty was further breached when the Defendants, Harrison County, Mississippi, the Harrison County Sheriff Department and Sheriff George Payne failed to adhere  to the federal court consent decree current n effect as the same relates to staffing of the jail and treatment of detainees especially those suffering from certain mental disabilities.  Part and parcel of the resulting conduct on the date in question was that the Harrison County Adult Detention Center was under staffed and adequate accommodations fro persons with documented mental illnesses were not met.

**67.**     As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the breach of a non-delegable and/or fiduciary duty owed to the Deceased, Jessie Lee Williams, Jr., and other persons similar situated that caused and/or contributed to his death. Thus the Plaintiff, on

behalf of the Estate and children of Jessie Lee Williams, Jr., is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission this breach of a legal duty that adversely impacted the personal interests of the Deceased, Jessie Lee Williams, Jr., by causing his death.

### E. THE COMMON LAW TORT OF OUTRAGE

68.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

69.     The Defendants overall conduct on the date in question was so outrageous that it shocks the moral and legal conscience of the community. This outrageous conduct resulted in the beating death of the Deceased, Jessie Lee Williams, Jr. The manner, method and design of the Defendants conduct amounted to a cold, callous, premeditated abuse of legal authority the likes of which we have not seen since the death of Emmet Till in 1955 in South Mississippi.

70.     As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for such outrageous conduct as the same resulted in the ultimate death of the Deceased, Jessie Lee Williams, Jr. Thus the Plaintiff, on behalf of the Estate and children of the deceased, Jessie Lee Williams, Jr., is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward the Deceased, Jessie Lee Williams, Jr.

### F. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

72.     The Defendants conduct was designed to not only inflict physical pain and suffering upon the Deceased, Jessie Lee Williams, Jr., but also emotion and mental anguish and distress on the date in question and it did just that according to eye witness accounts of this atrocity.  The manner, method and design of the Defendants' conduct caused Jessie to endure enormous emotional and mental distress and anguish.

73.     As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the intentional infliction of emotional distress and mental anguish inflicted upon the person of the Deceased, Jessie Lee Williams, Jr. Thus the Plaintiff, on behalf of the Estate and children of the Deceased, Jessie Lee Williams, Jr., is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct perpetrated upon the Deceased, Jessie Lee Williams, Jr.

## G. WRONGFUL DEATH

74.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

75.     The Defendants' conduct on the date in question as set forth above resulted in the wrongful death of the Deceased, Jessie Lee Williams, Jr.  As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, that resulted in the wrongful death of the Deceased, the Defendants are jointly and severally liable to the Plaintiff for Jessie's wrongful death.  Thus the Plaintiff, on behalf of the Estate and children of the Deceased, Jessie Lee Williams, Jr., is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the wrongful

death of the Deceased, Jessie Lee Williams, Jr.

## H. SLANDER AND SLANDER *PER SE*

76.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

77.     The Defendants, Sheriff George Payne and other unknown Deputies of the Harrison County Sheriff Department, made certain false, slanderous and defamatory statements to the media, the general public and to medical personnel transporting the Deceased, Jessie Lee Williams, Jr., to the emergency room for treatment of his injuries sustained at the hands of the Defendants. The statements regarding the Deceased being on "crack" or "meth" were wholly false and the Defendants making these statements knew or reasonably should have known that the statements were false and untrue at the time they were made.

78.     Furthermore, the statements complained of were not privileged and the same were made with malice and in an attempt to injure the Plaintiff and/or as part of a cover up of what actually happened on the evening of February 4, 2006. The statements made by these Defendants about the Deceased, Jessie Lee Williams. Jr., were not the product of innuendo, speculation or conjecture.

79.     The statements made by the Defendants are actionable *per se* because the same suggest that the Deceased, Jessie Lee Williams, Jr., engaged in certain improper or illegal conduct thus justifying the beating he received at the hands of the Defendants and ultimately implying that he caused his own death.

80.     As a direct and proximate consequence of the slanderous statements made by the Defendants as referenced above, the Deceased, Jessie Lee Williams, Jr., was actually damaged and/or injured.

## COUNT VII

## INJUNCTIVE RELIEF

**81.** The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

**82.** The Defendants have engaged in a course of conduct that is contemptuous and constitutes a blatant disregard for the health, welfare, rights, privileges and immunities of persons like the Deceased, Jessie Lee Williams, Jr., and others similar situated. Harrison County, Mississippi, the Harrison County Sheriff Department and Sheriff George Payne have wholly ignored and/or intentionally refused or failed to come into compliance with the federal court consent decree or judgment that was entered into by the Defendants and which was filed of record January 12, 1995.

**83.** To allow the Defendants, Harrison County, Mississippi, by and through its Board of Supervisors, the Harrison County Sheriff Department and the Sheriff of Harrison County to continue operating the Harrison County Adult Detention Center without coming into immediate and full compliance with the federal court consent judgment is not in the best interests of the citizens of Harrison County nor those specific individuals whom the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. Section 1997 *et seq.*, was passed to protect.

**84.** Therefore, the Plaintiff herein requests that this Honorable Court convene a hearing on the merits immediately, or as soon as the Court's schedule can accommodate the same, to ascertain whether the aforementioned Defendants are in full (or even substantial) compliance with the federal court consent judgment of January 12, 1995. If the Court finds that the Defendants are not in compliance the Plaintiff would move this Honorable Court to immediately and forthwith order that the federal government take over absolute and total control of the Harrison County Adult Detention

Center and bring the same into strict compliance. Alternatively, the Plaintiff would pray that the Defendants, Harrison County, Mississippi, the Harrison County Sheriff Department and the Sheriff of Harrison County are fined $1,000.00 for each day of noncompliance since February 4, 2006. The Plaintiff reserves the right to amend this complaint until the discovery process is complete in order to determine whether the Board of Supervisors is liable, in their individual capacities, for their failure to bring the Harrison County Adult Detention Center into compliance and for allowing the Sheriff to utilize funds to bring about compliance for purposes other than those for which the funds were allocated.

85.    Furthermore, the Plaintiff requests that this Honorable Court, as part and parcel of the relief sought by the Plaintiff, enjoin the Defendants from developing, implementing or carrying out policies, customs, plans, procedures or the like that are designed to deprive persons like the Deceased, Jessie Lee Williams, Jr., or others similarly situated of their federal civil, constitutional and God given human rights.

86.    Finally, the Plaintiff would move this Court to order the establishment of a Citizen Police Review and Reconciliation Panel whose duties will be among other things to receive reports, testimony and investigate allegations of abuse in the Harrison County Adult Detention Center and to make reports to the Board of Supervisors of Harrison County, Mississippi and to monitor the status of the Center's compliance with the federal court consent judgment in an effort to restore the public's confidence in the criminal justice system of Harrison County.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Mr. Terry Williams, the administrator of the Estate of the Deceased, Jessie Lee Williams, Jr., prays that upon the filing of

this complaint that this Honorable Court would advance this case on the trial docket and order an immediate hearing on the Plaintiff's request for injunctive relief and thereafter set this matter for a full and complete trial on the merits and upon the completion of the same enter a judgment granting the following relief:

a. issue a preliminary injunction and temporary restraining order and thereafter, permanently enjoin the Defendants, their officers, representatives, agents, assistants, directors, successors, employees, and any person or persons acting in concert with them from continuing to engage in the development and implementation of policies, procedures, plans, customs and the like that result in the deprivation of the civil and/or constitutional rights of person or persons detained in the Harrison County Adult Detention Center;

b. determine whether the Defendants are in compliance with the federal court consent judgment of January 12, 1995, and if they are not then to order that the Center's management be taken over by the federal government in order to bring the same in full and immediate compliance;

c. issue preliminary injunction and temporary restraining order and thereafter, direct the Defendants, through a permanent injunction, to create a Citizen Police Review and Reconciliation Panel whose duties will be, among other things, to receive reports, testimony and investigate allegations of abuse in the Harrison County Adult Detention Center and to make reports to the Board of Supervisors of Harrison County, Mississippi, and to monitor the status of the Center's compliance with the federal court consent judgment in an effort to restore the public's confidence in the criminal justice system of Harrison County, Mississippi;

d. enter a judgment in favor of the Plaintiff and against the Defendants, jointly and severally,

for the actual or compensatory and presumed damages sustained by the Deceased, Jessie Lee Williams, Jr., and which survive his demise pursuant to 42 U.S.C. Sections 1983, 1985, 1986, 1988, the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and for the violation of numerous pendent or supplemental state claims arising out of the same set of facts from which the deprivation of civil, constitutional and human rights arose for the deprivation of such constitutional rights, wrongful death, personal injury to his body as a whole but especially his head, eyes, face, testicles, back, legs, arms, chest, internal organs and other parts of his anatomy, infliction of emotional distress, mental anguish, pain, suffering, degradation, humiliation, torture, loss of enjoyment of life, medical, funeral and/or burial expenses, loss of society and support, slander and any other injury or claim that may be discovered during the discovery process for which the law holds the Defendants liable and responsible in an amount to be determined by a jury but not less than $50,000,000.00;

  e.  a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for punitive or exemplary damages, for the outrageous, willful, wanton and intentional conduct that resulted in a gross or reckless disregard for the welfare, safety, rights, privileges or immunities of the deceased, Jessie Lee Williams. Jr., in an amount to be determined by the jury but not less than $100,000,000.00;

  f.  a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for the Plaintiff's reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988, all costs of this action and related litigation expenses and expert fees;

  g.  a judgment for such other relief, general or specific, as the Court may deem appropriate,

just and equitable in the premises.

Respectfully submitted, this the 14 day of March, 2006.

> Terry Williams, Administrator of the
> Estate of the Deceased, Jessie Lee Williams, Jr.


BY: _____
>    MICHAEL W. CROSBY, (MS BAR# 7888)
>    JOHN H. WHITFIELD, (MS BAR#7162)
>    2111 25TH AVENUE
>    GULFPORT, MISSISSIPPI 39501
>    228.865.0313 (phone)
>    228.865.0337 (fax)
>    email address: michaelwcrosby@bellsouth.net