IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THE ESTATE OF JESSIE LEE WILLIAMS, JR.,
DECEASED, BY AND THROUGH HIS NEXT FRIEND
AND LEGAL REPRESENTATIVE, TERRY WILLIAMS,
ADMINISTRATOR OF THE ESTATE OF JESSIE LEE
WILLIAMS JR.**                                            **PLAINTIFF**

VS.                                     **CIVIL ACTION NO. 1:06cv196LG-RHW**

**HARRISON COUNTY, MISSISSIPPI,**
by and through its Board of Supervisors;
**HARRISON COUNTY SHERIFF'S DEPARTMENT;**
**SHERIFF GEORGE PAYNE,** officially and in his
individual capacity, **DIRECTOR OF CORRECTIONS**
**MAJOR DIANNE GASTON-RILEY,** officially and in
her individual capacity; **BOOKING SUPERVISOR**
**CAPTAIN RICK GASTON,** officially and in his
individual capacity; **TRAINING DIRECTOR CAPTAIN**
**PHIL TAYLOR,** officially and in his individual capacity;
**CENTRAL CONTROL OFFICER LEAH RICHARDSON,**
officially and in her individual capacity; **BOOKING**
**ROOM DEPUTY LEO DEGEORGE,** officially and in
his individual capacity; **BOOKING ROOM DEPUTY**
**EVAN HUBBARD,** officially and in his individual
capacity; **MEDICAL ADMINISTRATOR DAVID**
**DECELLE,** officially and in his individual capacity;
**DEPUTY REGINA RHODES,** officially and in her
individual capacity; **DEPUTY MORGAN THOMPSON,**
officially and in his individual capacity; **RYAN TEEL,**
in his official and individual capacity; **HEALTH**
**ASSURANCE, L.L.C.** and **OTHER UNKNOWN**
**JOHN AND JANE DOES A-Z,** also in their official
and individual capacities                                **DEFENDANTS**

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS, GEORGE PAYNE, JR., IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AS SHERIFF OF HARRISON COUNTY (ERRONEOUSLY IDENTIFIED IN THE COMPLAINT AS THE HARRISON COUNTY SHERIFF'S DEPARTMENT), TO STAY PROCEEDINGS AND FOR ADDITIONAL TIME TO ANSWER AMENDED COMPLAINT**

**ORAL ARGUMENT REQUESTED**

COMES NOW, Defendant, George Payne, Jr., in His Official and Individual Capacities as Sheriff of Harrison County (erroneously identified in the Complaint as the Harrison County Sheriff's Department), (hereinafter "Moving Defendant"), by and through Dukes, Dukes, Keating & Faneca, P.A., appearing specially herein only and for the sole purpose of this Motion, and reserving all other defenses and privileges to which he may be entitled, and files this his Memorandum of Authorities in Support of Motion to Stay these proceedings and to grant all Defendants an extension of time in which to answer the Amended Complaint, and would respectfully show unto the Court the following, to-wit:

**I.     BACKGROUND**

Plaintiff filed suit in this Court on March 14, 2006, alleging that this and other Defendants are liable to it on various grounds alleged in the Complaint, arising out of an incident which occurred at the Harrison County Adult Detention Center (hereinafter "HCADC"), on or about February 4, 2006.

As attested to in the Affidavit of Sheriff George Payne, Jr., attached to the Motion as **Exhibit "A"**, the incident which is the subject of Plaintiff's Complaint is and has been under investigation by both State and Federal law enforcement authorities since the incident occurred, and since Sheriff Payne requested outside agencies to investigate. See Ex. "A". Sheriff Payne


has been instructed by the U.S. Department of Justice and the Federal Bureau of Investigations not to conduct his own investigation into the incident, not to speak with any witnesses in the case, and not to release or produce any video tapes or other items in his possession which might have relevance to the pending criminal investigation.  See Ex. "A".  The purpose of this criminal investigation is for the Harrison County District Attorney's Office, Federal Bureau of Investigations, and the U.S. Department of Justice to evaluate whether or not the incident in question should be presented to a grand jury for any possible criminal indictment and prosecution.   The February 4, 2006, incident which forms the basis of the allegations in Plaintiff's Complaint is the object of the criminal investigation, and the subject of Plaintiff's Complaint involves numerous facts and circumstances, as well as parties, which are involved in the pending criminal investigation.

     Because of the parallel and almost identical nature of issues raised in the above referenced criminal investigation and this present civil action, a very real danger exists that, if the investigation results in an indictment and related criminal proceedings, any potential criminal defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution would be severely compromised and prejudiced if Moving Defendant in this case is forced to mount a defense of this civil case at the present time.  In order to fully preserve the privilege against self-incrimination, a Defendant in this case might be forced to invoke it in these proceedings, which could severely inhibit the due process right to mount a full and complete defense to the allegations raised in the Complaint.  For the foregoing reasons, this Defendant respectfully moves this Honorable Court to order a stay of this proceeding and to grant an extension of time for Defendants to answer the Amended Complaint until such time as any

criminal proceedings related to this incident have been fully resolved and the privilege against self-incrimination no longer attaches.  The balance of interests weighs heavily in favor of granting such a stay and extension of time, since the prejudice to Plaintiff would be slight. On the other hand, forcing Defendant to simultaneously defend this civil action during the pendency of any ongoing criminal proceeding involving the same facts would severely prejudice any criminal defendant's privilege against self-incrimination, and would require the Defendants in the case to engage in piecemeal litigation.

Due to the ongoing criminal investigation and the possibility of criminal charges, a number of complicated issues are presented in terms of insurance coverage and potential conflicts of interest regarding which individual Defendants, if any, will require separate legal counsel.  Undersigned counsel will be unable to fully evaluate whether potential conflicts of interest may exist until such time as a decision has been made by law enforcement authorities regarding whether or not criminal charges will be filed, and against whom.  Due to these myriad and complicated issues regarding insurance coverage and possible conflicts of interest, judicial economy and the interests of justice would be best served by granting an extension of time for Defendants to answer the Amended Complaint until such time as the Court has addressed the issues raised by this Motion to Stay and Extension of Time to Answer Amended Complaint.

## II.   LEGAL ARGUMENT

The Fifth Circuit has recognized a clear cut distinction between private interests in civil litigation and the public interest in a criminal prosecution and between a civil trial and a criminal trial.  "The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority:  which case should be tried first."  Campbell v.

Eastland, 307 F.2d 478, 487 (5th Cir. 1962).  Because administrative policy gives priority to the public interest in law enforcement, the Fifth Circuit has held that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims.  See id.  In handling motions for a stay of a civil suit until the disposition of criminal prosecution on related matters, "a judge should be sensitive to the difference in the rules of discovery in civil and criminal cases."  Id.

     Other federal appellate courts have addressed this issue as well.  While the Constitution does not automatically require a stay of civil proceedings pending the outcome of related criminal proceedings, a court has the discretion to stay civil proceedings when the interests of justice seem to require such action.  See Afro-Lecon, Inc. v. United States, 820 F.2d 1198, 1202 (Fed. Cir. 1987).  In addressing previous appellate decisions on this issue, the Federal Circuit Court of Appeals agreed with the approach that a court should make a case by case determination of whether to grant a stay of civil proceedings.  See id.  Other than where there is specific evidence of the government's bad faith or malicious tactics,

> the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.  The non-criminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case.  If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it.

Id. at 1203 (quoting Securities and Exchange Commission v. Dresser Indus., Inc., 628 F.2d 1368, 1375-76 (D.C. Cir. 1980), cert. denied, 449 U.S. 993 (1980)).

"It has long been the practice to 'freeze' civil proceedings when a criminal prosecution involving the same facts is warming up or under way." Peden v. United States, 512 F.2d 1099, 1103 (Ct. Cl. 1975). In discussing the Peden decision, the Afro-Lecon court noted that such a freeze was desirable not only for the protection of the Fifth Amendment privilege against self-incrimination, but also out of a sense that pursuing a deferrable civil proceeding would constitute improper interference with the criminal proceeding if it churns over the same evidentiary material. See Afro-Lecon, 820 F.2d at 1204 (quoting Peden, 512 F.2d at 1103).

In this case, the danger of compromising a potential criminal defendant's Fifth Amendment privilege is very real if this civil action is permitted to move forward at the present time. The incident which is the subject of Plaintiff's Complaint is the subject of an ongoing criminal investigation by both State and Federal law enforcement authorities, and it is unknown at this time when the investigation will be completed, and whether the results will be presented to a grand jury for possible indictment. If such an indictment and resulting prosecution occurs, then a potential criminal defendant who had been forced to defend this civil action may have already been forced to waive his or her Fifth Amendment privilege against self-incrimination by defending this case without knowing the results or outcome of the criminal investigation and any resulting criminal proceedings. If Defendants are forced to fully defend the present civil action at this time, there is a danger that a defendant may be forced to decide between compromising his and her right against self-incrimination in a subsequent criminal case, and forfeiting his or her due process right to mount a full and complete defense of claims raised in this civil action. Because the Fifth Amendment privilege is implicated here, this creates the "strongest case for deferring civil proceedings," as held by the courts in Afro-Lecon and Dresser.

6

There is no danger of any serious prejudice to Plaintiff by delaying this case until the criminal investigation and any resulting criminal proceedings, if any, have been resolved. For this reason, the case by case balancing of interests weighs very heavily in favor of staying this case.

Finally, the interests of judicial economy and fairness also favor delaying the entire case rather than attempting piecemeal litigation between remaining parties while the criminal case is pending.

## III.    CONCLUSION

Based on the foregoing, Defendant George Payne, Jr., in His Official and Individual Capacities as Sheriff of Harrison County (erroneously identified in the Complaint as the Harrison County Sheriff's Department), hereby files this his Memorandum in Support of Motion to Stay these proceedings and grant an extension of time in which to answer the Amended Complaint to all Defendants, and, upon all issues having been duly considered, respectfully requests that this Honorable Court enter an order staying all proceedings in this civil action until such time as any or all pending and/or parallel criminal investigations or proceedings have been resolved, and the Fifth Amendment privilege against self-incrimination no longer attaches. Defendant further prays that the Court will grant an extension of time in which to answer the Amended Complaint to all Defendants, such that no Answer will be due until such time as the Court has addressed the issues raised in this Motion to Stay and Extension of Time to Answer Amended Complaint. Defendant prays for such other and further relief as this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 5th day of May, 2006.

**GEORGE PAYNE, JR., IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AS SHERIFF OF HARRISON COUNTY (ERRONEOUSLY IDENTIFIED IN THE COMPLAINT AS THE HARRISON COUNTY SHERIFF'S DEPARTMENT), DEFENDANT**

BY: **DUKES, DUKES, KEATING & FANECA, P.A.**

BY: */s/Cy Faneca*
Cy Faneca - MSB #5128

Cy Faneca - MSB #5128
Halil "Sul" Ozerden-MSB #99220
**DUKES, DUKES, KEATING & FANECA, P.A.**
14094 Customs Blvd., Suite 100
Post Office Drawer W
Gulfport, Mississippi 39502
**Telephone:** (228) 868-1111
**Facsimile:** (228) 863-2886

**CERTIFICATE OF SERVICE**

I, CY FANECA, do hereby certify that I have this date mailed, postage prepaid, a true and correct copy of the above and foregoing document to:

Michael W. Crosby
2111 25th Avenue
Gulfport, Mississippi  39501

John H. Whitfield, Esq.
181 Lameuse Street
Post Office Box 351
Biloxi, Mississippi  39533

Joseph Meadows, Esq.
Post Office Drawer 550
Gulfport, Mississippi  39502

Jeff Bruni, Esq.
Assistant Gulfport City Attorney
Post Office Box 1780
Gulfport, Mississippi  39502

Dunn Lampton, Esq.
United States Attorney
188 East Capitol Street, Suite 500
Jackson, Mississippi  39201-0101

John Cotton Richmond, Esq.
Department of Justice
Trial Attorney, Criminal Section
950 Pennsylvania Avenue, N.W.
PHB, Room 5612
Washington, D.C.  20530

Lisa M. Krigsten, Esq.
Department of Justice
Trial Attorney, Criminal
Post Office Box 66018
Washington, D.C.  20035-6018

9

This the 5th day of May, 2006.

                                      */s/Cy Faneca*
                                      Cy Faneca