IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THE ESTATE OF JESSIE LEE
WILLIAMS, JR., DECEASED, BY
AND THROUGH HIS NEXT
FRIEND AND LEGAL REPRESENTATIVE,
TERRY WILLIAMS, ADMINISTRATOR
OF THE ESTATE OF JESSIE LEE WILLIAMS, JR.                    PLAINTIFF


VS.                                   CIVIL ACTION NO.: 1:06cv196LG-RHW


HARRISON COUNTY, MISSISSIPPI, by and through
its Board of Supervisors, HARRISON COUNTY SHERIFF
DEPARTMENT, SHERIFF GEORGE PAYNE,
officially and in his individual capacity, DIRECTOR OF
CORRECTIONS MAJOR DIANNE GASTON-RILEY,
officially and in her individual capacity, BOOKING
SUPERVISOR CAPTAIN RICK GASTON, officially and
in his individual capacity, TRAINING DIRECTOR
CAPTAIN PHIL TAYLOR, officially and in his individual
capacity, CENTRAL CONTROL OFFICER LEAH
RICHARDSON, officially and in her individual capacity,
BOOKING ROOM DEPUTY LEO DEGEORGE, officially
and in his individual capacity, BOOKING ROOM DEPUTY
EVAN HUBBARD, officially and in his individual capacity,
MEDICAL ADMINISTRATOR PAT OLSON, officially and
in his individual capacity, DEPUTY REGINA RHODES,
officially and in her individual capacity, DEPUTY MORGAN
THOMPSON, officially and in his individual capacity,
RYAN TEEL, in his official and individual capacity, DEPUTY
JEREMY MOONEYHAM, in his official and individual capacity,
AMERICAN CORRECTIONAL ASSOCIATION, HEALTH
ASSURANCE LLC and THE CITY OF GULFPORT,
MISSISSIPPI, KELLY KNIGHT, in her official and individual
capacity, OTHER UNKNOWN JOHN and JANE DOES A-Z,
also in their official and individual capacities                    DEFENDANTS


# Plaintiff's Opposition to Motion to Stay Proceedings
## (AUTHORITIES CITED WITHIN)

## PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDINGS
### (AUTHORITIES CITED WITHIN)

COMES NOW, the Plaintiff, the Estate of Jessie Lee Williams, Jr., Deceased, by and through his next friend and legal representative, Terry Williams, the Administrator of the Estate of Jessie Lee Williams, Jr., and files this his Opposition to the Motion to Stay Proceedings as filed by the Defendant, George Payne, Sheriff of Harrison County, Mississippi, and as joined in by other Defendants in this civil action, and in support of same would respectfully show the following, to-wit:

1.      First and foremost, the Plaintiff would state that the Defendant's, Payne, Motion for Stay, as joined in by other defendants, is rendered moot in light of the Court's ruling on his alternative relief, that is, a request fro an extension of time to answer the allegations set forth in the complaint. However, if the Plaintiff's interpretation of the Court's ruling herein is incorrect, the Plaintiff would state that the motion for stay should be summarily denied for the following reasons.

2.      Defendant George Payne, the Sheriff of Harrison County, (hereinafter referred to as "Payne") does not have standing to seek a stay of this civil action.   Neither Payne nor his department, the Harrison County Sheriff's Department, are investigating the beating death of Jessie Lee Williams, Jr.   As Payne attests to in his Affidavit, the Mississippi Bureau of Investigation (MBI) and the Federal Bureau of Investigation (FBI) are the investigating agencies (See Exhibit "A" to Document 6  filed on 05/05/06).   The cases cited by Payne in support of his Motion to Stay share one thing in common, the party moving for the stay was an agency involved in investigating and/or prosecuting the criminal proceedings.

3.      Similarly, none of the Defendants that have joined in Payne's Motion for a Stay are involved in or responsible for the investigation and/or prosecution of the criminal charges, thus, they have

no standing to seek a stay.

4.      In ruling on requests for stays of the civil side of parallel civil/criminal proceedings, the Fifth Circuit has held  "Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. In some situations it may be appropriate to stay the civil proceeding. [cite omitted] In others it may be preferable for the civil suit to proceed - unstayed." ***Campbell v. Eastland***, 307 F.2d 478, 487 (5th Cir. 1962); ***United States v. Geiger Transfer Serv., Inc***., 174 F.R.D. 382, 385 (S.D. Miss. 1997). While a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding, such a stay contemplates ***"special circumstances" and the need to avoid "substantial and irreparable prejudice***." ***United States v. Little Al***, 712 F.2d 133, 136 (5th Cir. 1983) (citing ***SEC v. First Fin. Group of Texas, Inc***., 659 F.2d 660, 668 (5th Cir. 1981)).

5.      If any of the Defendants had standing, to be entitled to a stay, they must show that allowing the Plaintiff to pursue the civil lawsuit will cause substantial and irreparable prejudice to the criminal prosecution. *Id.*  None of the Defendants have alleged, let alone provided any proof, that allowing the civil lawsuit to proceed will substantially and irreparably prejudice the criminal case. They cannot make such a showing as they are not involved in the criminal investigation. Additionally, neither Payne nor any of the Defendants that have joined in his motion, explain how any particular discovery to be sought by Plaintiff in this lawsuit will affect the criminal prosecution and they cannot know as they are not involved in the investigation.

6.      The Defendants have made no showing and cannot show that allowing the civil lawsuit to proceed will compromise the  MBI's or the FBI's interest in preserving evidence or developing facts

simple because they are not involved in the investigation and/or prosecution of criminal charges. "[T]he mere relationship between criminal and civil proceedings, and the resulting prospect that discovery in the civil case could prejudice the criminal proceedings, does not establish the requisite good cause for a stay." *United States v. Gieger Transfer Service*, 174 F.R.D. 382, 385 (S.D. Miss. 1997)

7.      Defendant Payne is not entitled to claim privilege against self incrimination on behalf of the other Defendants and/or any witnesses. It should go without saying that the only party that can claim the Fifth Amendment privilege is that person that may incriminate himself/herself if testimony is given. If the Defendant Payne is asserting his Fifth Amendment rights because he is concerned that he may face criminal charges as a result of the investigation being conducted by the MBI and the FBI, then Defendant Payne needs to limit his argument to that of his right to invoke the privilege afforded by the Fifth Amendment to the U.S. Constitution.

8.      Additionally, Payne's attempt to assert the Fifth Amendment privilege on behalf of others named in this litigation brings up the question as to whether or not conflicts may exist if the attorney for Payne is allowed to continue to represent all of the employees of the Harrison County Sheriff's Department. Plaintiff respectfully requests that the Court hold an inquiry to determine if conflicts of interest exist relative to one firm representing Defendant Payne and the various Defendants named in this lawsuit that are employees of the Harrison County Sheriff's Department.

        WHEREFORE PREMISES CONSIDERED, your Plaintiff prays that this Honorable Court enter an order dismissing the Defendants' motion to stay as being moot, or in the alternative, dismissing the same as the Defendants have no standing to bring such a motion and have failed to make the requisite showing that allowing the Plaintiff to pursue the civil lawsuit will cause

-4-

substantial and irreparable prejudice to the criminal prosecution.  Additionally, your Plaintiff prays

that this Court hold an inquiry as to the possible conflicts of interests that may exist relative to the

representation of several Defendants by the same law firm.

      RESPECTFULLY SUBMITTED, this the 19th day of May, 2006.

                                s/ John H. Whitfield

By:   JOHN H. WHITFIELD
       John H. Whitfield, (MS Bar # 7162)
       P.O. Box 351
       Biloxi, MS 39533-0351
       228-432-7676 (phone)
       228-432-8998 (fax)
       email: johnwhitfield@bellsouth.net

## CERTIFICATE OF SERVICE

I, John H. Whitfield, do hereby certify that on May 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Lindy Denise Brown | lbrown@watkinseager.com |
| Jeffrey S. Bruni | jbruni@ci.gulfport.ms.us, khale@ci.gulfport.ms.us |
| Cyril T. Faneca | Cy@ddkf.com, Mary@ddkf.com, Peggy@ddkf.com; BRLong@ddkf.com, Ozerden@ddkf.com, hbroom@ddkf.com |
| Joseph R. Meadows | jmeadows@datasync.com, ritapls@datasync.com |
| Robert W. Smith | rwsmithatty@bellsouth.net, smtbabs@aol.com |
| Karen Jobe Young | kyoung@datasync.com, ritapls@datasync.com |

This the 19th day of May, 2006.

s/ John H. Whitfield

By:  John H. Whitfield, Attorney for the Defendant
John H. Whitfield, (MS Bar # 7162)
P.O. Box 351
Biloxi, MS 39533-0351
228-432-7676 (phone)
228-432-8998 (fax)
email address: johnwhitfield@bellsouth.net

MICHAEL W. CROSBY, (MS BAR# 7888)
2111 25TH AVENUE
GULFPORT, MISSISSIPPI 39501
228-865-0313 (phone)
228-865-0337 (fax)
email address: michaelwcrosby@bellsouth.net