## 11IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ESTATE OF JESSIE LEE WILLIAMS, JR.**          **PLAINTIFF**

**V.**                              **CASE NUMBER: 1:06cv196LG-RHW**

**HARRISON COUNTY, MISSISSIPPI, ET AL.**          **DEFENDANTS**

### MOTION TO STAY PROCEEDINGS AND ADDITIONAL TIME TO ANSWER
### AMENDED COMPLAINT BY DEFENDANT REGINA RHODES

ORAL ARGUMENT REQUESTED

COMES NOW, Defendant, Regina Rhodes, by and through her attorney, James Bailey Halliday, and files her MOTION TO STAY this civil suit filed against her and to otherwise grant ADDITIONAL TIME TO ANSWER the Amended Complaint filed against her especially reserving all defenses, immunities, protections and other privileges to which she is or may be entitled to, including but not limited to all FRCP Rule 12 (b) defenses, and in support thereof would respectfully assert unto the Court the following, to-wit:

1.

Plaintiff filed suit in this Court on March 14, 2006 alleging that Defendant is individually and officially liable on various grounds (as set forth in the Complaint), arising out of an incident which occurred at the Harrison County Adult Detention Center, on or about February 4, 2006, involving inmate Jessie Lee Williams, Jr.

2.

As attested to in an affidavit by Co-Defendant, Sheriff George Payne, Jr., filed in support of his Motion to Stay and for Additional Time to Answer and in support of a similar motion filed for

various other Co-Defendants (excluding this moving Defendant)(See: Exhibit "A" to Defendant Payne's Motion to Stay filed on or about May 5, 2006), the incident which is the subject of this Complaint and the nexus of events as alleged in Plaintiff's Complaint, is and has been under formal investigation by both State and Federal Law Enforcement authorities since the incident occurred.

3.

Defendant Regina Rhodes is believed to be under criminal investigation along with the other named/unnamed Defendants. Plaintiff's counsel is well aware of this as almost daily they have made demands for arrests to be made and continually commented concerning their self-perceived delay of justice. The local District Attorney, Cono Caranna, has just recently made public comments to the effect that there is an ongoing joint state/federal criminal investigation and that the findings of the investigation will be presented to a grand jury.

4.

Defendant Regina Rhodes is entitled to all rights, privileges and protections afforded any citizen when faced with a criminal investigation and the possibility of a criminal proceeding against them.

5.

The protections afforded in a criminal proceeding do not coincide with those afforded in a civil complaint and are specifically designed to be much more substantial, inflexible and inviolate in order to protect citizens absolutely considered innocent unless proven guilty.

6.

Actions and procedures allowed in a civil case are prohibited in a criminal proceeding and rightfully so as a civil defendant may be forced to testify (via discovery and similar pre-trial

procedures and possibly at trial). Wherein, in a criminal proceeding, a defendant cannot be compelled to testify against themselves. Additionally, the standard of proof required against a Defendant in a civil forum is substantially lowered along with this elimination of the absolute prohibition against self-incrimination.

7.

Because of these inherent personal protections (afforded in one forum but not the other) and corresponding procedural distinctions, Defendant Regina Rhodes will be severely prejudiced by the allowance of this civil complaint to proceed forward against her while she is an acknowledged subject of an ongoing criminal investigation.

8.

Until the results of the criminal investigation against her are made known and any potential criminal charges cleared, her constitutional protections must be preserved and cannot be impaired.

9.

Criminal proceedings and civil complaints are immiscible and the latter prohibits and impairs the former if allowed to proceed first or in any parallel proceeding.

10.

Under these circumstances, a timely stay of these civil proceedings is required to ensure not only that this moving Defendant but in fact all Defendants are assured that the rights, immunities and protections constitutionally afforded them are preserved until such time as any possible criminal proceedings are resolved.

11.

Defendant Regina Rhodes is also entitled to a reasonable extension of time in which to answer the complaint against her and to fully assert all defenses available once the potential criminal proceedings against her are resolved.

12.

In support of her Motion, Defendant Regina Rhodes, relies upon the *Memorandum of Authorities*.

13.

As succinctly set forth above, it is patently clear that a civil proceeding involving the same nucleus of alleged operative facts, going forward prior to the resolution of any potential criminal proceedings, will inevitably result in Defendant Regina Rhodes' constitutional protections afforded her being inevitably and irrevocably compromised.

14.

Plaintiff cannot complain as it has been Plaintiff's counsel who have repeatedly and publically proclaimed that a criminal investigation must proceed at an urgent pace and quickly result in arrests of the individuals they allege are responsible, the very same individuals who are named in this untimely complaint. As Plaintiff's counsel have "rushed to judgment," they cannot now complain of the foreseeable consequences they have wrought; i.e. a stay of civil proceedings until resolution of the very criminal proceedings they have so vociferously demanded. In fact, Plaintiff's counsel intentionally public actions have possible tainted any potential for equal justice involving these defendants, but that is certainly a matter of concern to be addressed at a later date.

WHEREFORE, PREMISES CONSIDERED, Defendant Regina Rhodes respectfully requests this Honorable Court to order a stay of all civil proceedings in this cause until such time as any and all pending criminal investigations and/or parallel proceedings have been resolved and any and all attendant constitutional privileges and protections afforded her and her Co-Defendants in any possible criminal proceeding no longer apply and further grant an adequate extension of time in which to answer the Amended Complaint or otherwise assert any affirmative and related defenses, so that no answer is due until such time as the Court has addressed the issues raised in this Motion to Stay. Defendant further prays and requests such other and further relief as this Honorable Court deems necessary or appropriate.

RESPECTFULLY SUBMITTED, this the 22nd day of May, 2006.

>                               Defendant Regina Rhodes
>                               By and Through Her Counsel
>
>
>                               _S/James Bailey Halliday_
>                               James Bailey Halliday
>                               MS Bar No.: 2924

James Bailey Halliday
MS Bar No.: 2924
P.O. Box 6783
#28 *The Arbor* 29th Street
Gulfport, MS 39506
Tel: (228) 864-6564
FX: (228) 864-6149
Email: jbhallidayesq@earthlink.net

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2006 I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Mississippi , Southern Division, using the ECF system which sent notification of such filing to the parties who have entered their appearance to date.

*S/James Bailey Halliday*
James Bailey Halliday
MS Bar No.: 2924

James Bailey Halliday
MS Bar No.: 2924
P.O. Box 6783
#28 *The Arbor* 29th Street
Gulfport, MS 39506
Tel: (228) 864-6564
FX: (228) 864-6149
Email: jbhallidayesq@earthlink.net