IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THE ESTATE OF JESSIE LEE WILLIAMS, JR.,
DECEASED, BY AND THROUGH HIS NEXT FRIEND
AND LEGAL REPRESENTATIVE, TERRY WILLIAMS,
ADMINISTRATOR OF THE ESTATE OF JESSIE LEE
WILLIAMS JR.**                                         **PLAINTIFF**

VS.                                           **CIVIL ACTION NO. 1:06cv196LG-RHW**

**HARRISON COUNTY, MISSISSIPPI,**
by and through its Board of Supervisors;
**HARRISON COUNTY SHERIFF'S DEPARTMENT;
SHERIFF GEORGE PAYNE**, officially and in his
individual capacity, **DIRECTOR OF CORRECTIONS
MAJOR DIANNE GASTON-RILEY**, officially and in
her individual capacity; **BOOKING SUPERVISOR
CAPTAIN RICK GASTON**, officially and in his
individual capacity; **TRAINING DIRECTOR CAPTAIN
PHIL TAYLOR**, officially and in his individual capacity;
**CENTRAL CONTROL OFFICER LEAH RICHARDSON**,
officially and in her individual capacity; **BOOKING
ROOM DEPUTY LEO DEGEORGE**, officially and in
his individual capacity; **BOOKING ROOM DEPUTY
EVAN HUBBARD**, officially and in his individual
capacity; **MEDICAL ADMINISTRATOR DAVID
DECELLE**, officially and in his individual capacity;
**DEPUTY REGINA RHODES**, officially and in her
individual capacity; **DEPUTY MORGAN THOMPSON**,
officially and in his individual capacity; **RYAN TEEL**,
in his official and individual capacity; **HEALTH
ASSURANCE, L.L.C.** and **OTHER UNKNOWN
JOHN AND JANE DOES A-Z**, also in their official
and individual capacities                                    **DEFENDANTS**

**REPLY OF DEFENDANT, GEORGE PAYNE, JR., IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AS SHERIFF OF HARRISON COUNTY (ERRONEOUSLY IDENTIFIED IN THE COMPLAINT AS THE HARRISON COUNTY SHERIFF'S DEPARTMENT), TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS**

COMES NOW, Defendant, George Payne, Jr., in his official and individual capacities as Sheriff of Harrison County (erroneously identified in the Amended Complaint as the Harrison County Sheriff's Department), by and through Dukes, Dukes, Keating and Faneca, P.A., and files this his Reply to Plaintiff's Opposition to Defendant's Motion to Stay Proceedings, and would respectfully show unto the Court the following, to-wit:

I.

Moving Defendant filed his Motion to Stay Proceedings and for Additional Time to Answer the Amended Complaint, and his Memorandum of Authorities in support of said Motion, on May 5, 2006. Co-Defendants Dianne Gatson-Riley, Rick Gaston, Phil Taylor, Leah Richardson, Leo DeGeorge, Evan Hubbard, Jeremy Mooneyham, and Morgan Thompson, all in their official and individual capacities, later joined Moving Defendant's Motion to Stay and for Additional Time to Answer Amended Complaint. On May 10, 2006, this Court entered an Order granting the Defendants an extension of time to answer until June 9, 2006; however, the Sheriff's Motion to Stay remains pending before the Court.

II.

Defendant's Motion to Stay is not moot in light of the Court's ruling on the Defendant's request for an extension of time to answer, as this was an additional request and not a request for alternative relief. Defendant's Motion to Stay is still properly pending before this Court.

### III.

With regard to Plaintiff's assertion that Defendant George Payne, Jr., lacks standing to seek a Stay of this civil action, the United States Supreme Court has stated that a Court has the discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions "when the interests of justice seem to require such action, sometimes at the request of the prosecution, sometimes at the request of the defense." United States v. Kordel, 397 U.S. 1, 12 (1997).  Additionally, Plaintiff's statement that Defendant has only cited cases where the moving party for the stay was the agency involved in investigating and/or prosecuting the criminal cases is incorrect.  Defendant cited Afro-Lecon, Inc., v. United States, 820 F.2d 1198 (Fed. Cir. 1978), wherein the Plaintiff, Afro-Lecon, learned that it was the subject of a grand jury investigation and moved to suspend the civil proceedings because key witnesses such as officers, former employees, and consultants were advised by counsel not to participate in the civil litigation in order to avoid incrimination in the criminal proceedings. See id. at 1200.  The appeals court ultimately vacated and remanded the Board's order denying the Plaintiff's Motion to Stay civil proceedings until the completion of the criminal proceedings.  See id. at 1207.

### IV.

Plaintiff insists that the Defendants lack standing because they are not responsible for the investigation and/or prosecution of the criminal charges, but this statement misses the point, since the issue is not whether these Defendants are conducting the investigation, but rather whether the Fifth Amendment privilege of any party to their case is implicated in such a way that these Defendants would be prejudiced by having to simultaneously defend a civil case concerning the exact same facts that are involved in the ongoing criminal investigation.

Although it is unknown at this time when the investigation will be completed, it is likely that this matter will be presented to a federal grand jury in the near future. Therefore, Defendants are not of the belief that the question is if the criminal investigation will be presented to a grand jury, but rather the question is when.

V.

Based on Plaintiff's Response, there is apparently no disagreement between the parties that the decision of whether to stay a case is a discretionary one and that procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. See Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962); United States v. Geiger Transfer Serv., Inc., 174 F.R.D. 382, 385 (S.D. Miss.1997).

VI.

Special circumstances exist in this case. Due to the ongoing investigation, the Department of Justice has instructed the Sheriff not to disclose any information concerning the incident, including but not limited to, any video surveillance and interviews, and has severely limited the Sheriff's ability to investigate this matter from the standpoint of defending this civil action. Unless a Stay is granted, the Sheriff is placed in the position of having to choose between a potential obstruction of justice charge for ignoring the Department of Justice's orders or violating this Court's discovery orders to produce certain items. If the Defendants attempted to conform to the Department of Justice's instructions while simultaneously complying with Plaintiff's discovery requests, discovery would be severely limited, and this limitation and the restrictions placed on the Sheriff would severely hamper his defense of this case.

## VII.

Plaintiff mistakenly states that to be entitled to a stay, Defendants must show that allowing the Plaintiff to pursue the civil lawsuit will cause substantial and irreparable prejudice to the "criminal prosecution"; the correct standard is that a court should stay one of the proceedings pending the completion of the other to prevent "a party" from suffering substantial and irreparable prejudice.  See  SEC v. First Fin. Group of Texas, Inc., 659 F. 2d 660, 668 (5th Cir. 1981).  The question is not whether the civil lawsuit will compromise the MBI's or the FBI's interest in preserving evidence or developing facts, but the real question is whether the Defendants will be prejudiced in their ability to fully defend the present civil action without compromising a possible Fifth Amendment privilege.  In addition, these Defendants are prohibited by the Unites States Department of Justice from conducting an investigation or discussing the facts of the subject incident.

## VIII.

Defendant Payne is not asserting his Fifth Amendment rights, but rather, there is a high probability that other Defendants may assert their Fifth Amendment rights against self-incrimination in their individual capacities, which will substantially affect the defense of the entire civil case, including Defendant Payne's ability to defend.  If any of the Defendants assert their Fifth Amendment rights, this alone would cause substantial and irreparable prejudice to all Defendants due to the inability to defend this lawsuit.

**IX.**

Plaintiff's concern about the possible existence of conflicts is exactly the concern that Counsel for Defendant Payne stated in the Motion to Stay. Defendant Payne suspects that there are a number of conflicts; however, these conflicts cannot be fully evaluated until an investigation can be conducted, and as previously mentioned, the Department of Justice has specifically prohibited an internal investigation. Counsel for Defendant Payne will not be able to represent all Defendants; therefore, before this civil case proceeds, separate counsel for those Defendants will be retained. This is yet another special circumstance which exists and further warrants a Stay.

**X.**

For the foregoing reasons, the pending criminal investigation severely impedes discovery, the giving of testimony, and the search for the truth until the criminal case has been resolved.

WHEREFORE, PREMISES CONSIDERED, Defendant George Payne, Jr., in his official and individual capacities as Sheriff of Harrison County (erroneously identified in the Complaint as the Harrison County Sheriff's Department), hereby submits this his Reply to Plaintiff's Opposition to Defendant's Motion to Stay, and upon all issues having been duly considered, respectfully requests that this Honorable Court enter an order staying all proceedings in this civil action until such time as any and all pending or parallel criminal investigations or proceedings have been resolved and any Fifth Amendment privilege against self-incrimination no longer attaches. Defendant prays for such other and further relief as this Honorable Court deems appropriate.

    RESPECTFULLY SUBMITTED, this the 26th day of May, 2006.

        **GEORGE PAYNE, JR., IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AS SHERIFF OF HARRISON COUNTY (ERRONEOUSLY IDENTIFIED IN THE COMPLAINT AS THE HARRISON COUNTY SHERIFF'S DEPARTMENT), DEFENDANT**

        BY:    DUKES, DUKES, KEATING & FANECA, P.A.

    BY:    */s/Cy Faneca*
           Cy Faneca - MSB #5128

Cy Faneca, MSB #5128
Haley N. Broom, MSB #101838
**DUKES, DUKES, KEATING & FANECA, P.A.**
14094 Customs Blvd., Suite 100
Post Office Drawer W
Gulfport, Mississippi  39502
**Telephone:**   (228) 868-1111
**Facsimile:**   (228) 863-2886

**CERTIFICATE OF SERVICE**

I, CY FANECA, do hereby certify that I have this date mailed, postage prepaid, a true and correct copy of the above and foregoing document to:

Michael W. Crosby
2111 25th Avenue
Gulfport, Mississippi  39501
    Attorney for Plaintiff

John H. Whitfield, Esq.
181 Lameuse Street
Post Office Box 351
Biloxi, Mississippi  39533
    Attorney for Plaintiff

Joseph Meadows
Karen Young
Meadows Riley Law Firm
Post Office Drawer 550
Gulfport, Mississippi  39502
    Attorneys for Harrison County Board of Supervisors

Jeff Bruni, Esq.
Assistant Gulfport City Attorney
Post Office Box 1780
Gulfport, Mississippi  39502
Attorney for Kelly Knight

Dunn Lampton, Esq.
United States Attorney
188 East Capitol Street, Suite 500
Jackson, Mississippi  39201-0101

John Cotton Richmond, Esq.
Department of Justice
Trial Attorney, Criminal Section
950 Pennsylvania Avenue, N.W.
PHB, Room 5612
Washington, D.C.  20530

Lisa M. Krigsten, Esq.
Department of Justice
Trial Attorney, Criminal
Post Office Box 66018
Washington, D.C.  20035-6018

James Bailey Halliday, Esq.
Post Office Box 6783
Gulfport, Mississippi  39502
    Attorney for Regina Rhodes

Walter Johnson, Esq.
Lindy Denise Brown, Esq.
Watkins & Eager
Post Office Box 650
Jackson, MS  39205-0650
    Attorney for Health Assurance, LLC

Robert W. Smith
918 Porter Avenue
Ocean Springs, MS 39564
    Attorney for Pat Olsen

THIS the 26th day of May, 2006.

                                      */s/Cy Faneca*
                                      Cy Faneca