IN THE UNITED STATES FEDERAL DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THE ESTATE OF JESSIE LEE
WILLIAMS, JR., DECEASED, BY
AND THROUGH HIS NEXT FRIEND
AND LEGAL REPRESENTATIVE,
TERRY WILLIAMS, ADMINISTRATOR,
OF THE ESTATE OF JESSIE LEE WILLIAMS, JR.**                    **PLAINTIFF**

**VS.**                                           **CIVIL ACTION NO. 1:06CV196LG-JMR**

**HARRISON COUNTY, MISSISSIPPI, BY AND
THROUGH ITS BOARD OF SUPERVISORS,
ET AL.**                                                                        **DEFENDANTS**

### ANSWER AND DEFENSES OF DEFENDANT HEALTH ASSURANCE LLC
### TO THE FIRST AMENDED COMPLAINT

Pursuant to the Court's Text Order dated April 24, 2007, Defendant Health Assurance, LLC files its answer and defenses to the First Amended Complaint (Docket #3) and states:

### FIRST DEFENSE

Defendant Health Assurance moves to dismiss the First Amended Complaint because it fails to state a claim against it upon which relief can be granted.

### SECOND DEFENSE

### ANSWER

Defendant Health Assurance admits that Harrison County, Mississippi is a political subdivision of Mississippi as alleged in ¶ 15; admits that George Payne is the elected sheriff of Harrison County, Mississippi as alleged in ¶ 17; admits that it contracted with Harrison County, Mississippi to provide certain medical, mental and dental care to the inmates in the Harrison County Adult Detention Center as alleged in ¶¶ 24,30; admits that Pat Olsen is an adult citizen of Harrison County, Mississippi and is employed by Health Assurance, LLC as the Health Services Administrator at the Harrison County Adult Detention Center as alleged in ¶ 24; admits that Health Assurance, LLC is organized under the laws of

Mississippi as a limited liability company and its address is 5903 Ridgewood Road, Suite 320, Jackson MS 39211 and its registered agent for service of process is Melvin Preister, 371 Edgewood Terrace Drive, Jackson, MS 39206 as alleged in ¶ 30; admits that the City of Gulfport is a city in the State of Mississippi and that it may be served in the manner prescribed by the laws of Mississippi as alleged in ¶ 31; admits the Court has jurisdiction over any federal law claims under 28 U.S.C.§§ 1331, 1343 and has supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367 as alleged in ¶34; and, admits venue is proper in this court as alleged in ¶ 35.

Defendant Health Assurance is without knowledge or information sufficient to form a belief as to the truth of the allegations in the following paragraphs and therefore denies the same: ¶¶1-12, 14, 18-23, 25-29, 32-33, 39-40, 43, 50, 54-56, 58-59, 81-83, 86-88, and the remaining allegations in ¶¶13, 15, 17, 24, 31.

Defendant Health Assurance denies each and every other allegation in the First Amended Complaint, to include all claims for relief set forth in the "Prayer For Relief".

### THIRD DEFENSE

Defendant Health Assurance pleads all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrine of sovereign immunity, absolute immunity, and qualified immunity. Defendant Health Assurance is protected by sovereign, absolute and qualified immunity against suit and against any claims for penalties, damages, attorneys fees, or any other damages as requested in the Plaintiff's First Amended Complaint.

### FOURTH DEFENSE

Defendant Health Assurance pleads all applicable immunities, defenses and provisions to which it is entitled under Sections 11-46-1, *et seq.* of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to all notice requirements, all exceptions from the

waiver of sovereign immunity, all statute of limitations, the right to a bench trial, and all limitations on liability and pain therein.

### FIFTH DEFENSE

Defendant Health Assurance owed no duty to the Deceased, Jessie Lee Williams, at the time of the alleged incident.

### SIXTH DEFENSE

Defendant Health Assurance pleads the application of Miss. Code Ann. §85-5-7 (1972) and the appropriate apportionment of damages to all parties who may be liable to the Plaintiff in direct proportion to their individual or respective percentage of fault or negligence.

### SEVENTH DEFENSE

Defendant Health Assurance exercised a degree of care, skill and diligence ordinarily possessed and exercised by health service providers under the same or similar circumstances, and was not guilty of any negligence or breach of duty whatsoever in this matter.

### EIGHTH DEFENSE

Plaintiff has failed to plead and will be unable to establish the necessary elements for injunctive relief.

### NINTH DEFENSE

Any alleged injury to Jessie Williams was caused or contributed to by independent, intervening or superseding acts or omissions of others for whose actions the Defendant Health Assurance has no liability, vicariously or otherwise.

### TENTH DEFENSE

Any alleged negligence by Defendant Health Assurance did not proximately cause the damages or injuries alleged in the First Amended Complaint.

## ELEVENTH DEFENSE

Defendant Health Assurance is immune from punitive damages.

## TWELFTH DEFENSE

The claim for slander does not survive death.

## THIRTEENTH DEFENSE

Plaintiff's claim for punitive damages under Mississippi law violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution and Article 3, Sections 14, 23, 26, 28 and 31 of the Mississippi Constitution because, inter alia, (a) the standard for the award of punitive damages is so vague and indefinite that it does not give defendant adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the jury is not provided with standards of sufficient clarity, objectivity, and uniformity for determining either the appropriateness or the appropriate size of punitive damages; (c) the jury is not instructed on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (d) the jury is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (e) the jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and which do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; (f) an award of punitive damages is not subject to appellate review on the basis of objective and uniform standards; (g) the procedures applicable to the imposition of punitive damages would permit an award of multiple punitive damages for the same act or omission; (h) the procedures used by Mississippi courts, and the guidelines given to the jurors, jointly and separately, are vague and, therefore, (1) impermissibly delegate to jurors policy matter, (2) impermissibly allow jurors broad, unlimited and undefined power to make

determinations on their notions of what the law should be instead of what it is, and (3) fail to eliminate the effects of, and to guard against, impermissible juror passion; and (I) present Mississippi law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages.

## FOURTEENTH DEFENSE

Plaintiff's claim for punitive damages under Mississippi law is unconstitutional under the Mississippi Constitution Article 3, Section 32, because the claim impairs the inherent and natural right of the Defendant to conduct a lawful business absent from the perils and extortionate demands and threats that this punitive damage claim poses. On that basis, the claim also violates the Fifth Amendment to the United States Constitution and Article 3, Section 17 of the Mississippi Constitution. Said punitive claim likewise violates Mississippi Constitution Article 3 Section 28.

And now having responded to the First Amended Complaint, Defendant Health Assurance LLC asks that all claims against it be dismissed with prejudice and costs be assessed against the Plaintiff.

This the 10th day of May, 2007.

Respectfully submitted,

**HEALTH ASSURANCE, LLC**

s/ Robert H. Pedersen

**OF COUNSEL:**

Walter T. Johnson (MSB #8712)
Lindy D. Brown (MSB #101263)
Robert H. Pedersen (MSB #4084)
WATKINS & EAGER, PLLC
The Emporium Building
400 East Capitol Street, Suite 300

P. O. Box 650
Jackson, Mississippi 39205
Phone: (601) 948-6470
Fax:     (601) 354-3623
wjohnson@watkinseager.com
lbrown@watkinseager.com
bpedersen@watkinseager.com

*Attorneys for Health Assurance, LLC*

## CERTIFICATE OF SERVICE

I, Robert H. Pedersen, as counsel for the defendants Health Assurance, LLC and Pat Olsen hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Michael W. Crosby
2111 25th Avenue
Gulfport, Mississippi 39501

John H. Whitfield
The Law Office of John Whitfield
P.O. Box 351
Biloxi, Mississippi 39533

Joseph Meadows
Karen Jobe Young
Meadows Riley Law Firm
Post Office Drawer 550
Gulfport, Mississippi 39502

Cyril T. Faneca
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, Mississippi 39502

Benjamin U. Bowden
VAUGHN BOWDEN & WOOTEN PA
P.O. Drawer 240
Gulfport, MS 39502-0240

James Bailey Halliday
P. O. Box 6783
Gulfport, MS 39502

James L. Davis, III
P. O. Box 1839
Gulfport, MS 39502-1839

Robert W. Smith
918 Porter Avenue
Ocean Springs, Mississippi 39564

George D. Hembree, III
MCGLINCHEY STAFFORD
P. O. Drawer 22949
Jackson, MS 39225-2949

Jeffrey S. Bruni
Assistant Gulfport City Attorney
Post Office Box 1780
Gulfport, Mississippi 39502

THIS, the 10th day of May, 2007.

*s/ Robert H. Pedersen*