IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THE ESTATE OF JESSIE LEE
WILLIAMS, JR., DECEASED, BY
AND THROUGH HIS NEXT FRIEND
AND LEGAL REPRESENTATIVE,
TERRY WILLIAMS, ADMINISTRATOR,
OF THE ESTATE OF JESSIE LEE WILLIAMS, JR.                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 1:06CV196LG-JMR

HARRISON COUNTY, MISSISSIPPI, BY AND
THROUGH ITS BOARD OF SUPERVISORS,
ET AL.                                                       DEFENDANTS

_____

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIFTH AMENDMENT CLAIM
BY DEFENDANT HEALTH ASSURANCE LLC**
_____

Defendant Health Assurance LLC (Health Assurance) has moved to dismiss the claim Plaintiff makes under the Fifth Amendment to the United States Constitution because he fails to state a claim upon which relief can be granted.

"At this stage of the litigation, [the Court] must accept [the First Amended Complaint's] allegations as true. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

The First Amended Complaint (Document # 3) alleges Jessie Lee Williams, Jr. had been arrested and was assaulted while being booked as a pretrial detainee into the Harrison County Adult Detention Facility on February 4, 2006. (¶¶ 8-13). The named defendants include Health Assurance,

Harrison County, Harrison County Sheriff George Payne, Jr., Pat Olsen and certain city and county law enforcement officers, but the First Amended Complaint does not name any federal official as a defendant. (¶¶ 14-32). The First Amended Complaint alleges Jesse Lee Williams Jr.'s "Fifth and Founteenth Amendment rights to procedural and substantive due process and to equal protection of the laws were violated by the Defendants" (¶ 38).

> The Constitution's two Due Process Clauses are embodied in the Fifth and Fourteenth Amendments, and each "guarantee[s] a level of procedural protection before a person's life, liberty or property can be impinged upon by the government." *Beo v. District of Columbia*, 44 F.3d 1026, 1027 (D.C.Cir.1995). The Fifth Amendment restrains the **federal government** from depriving any person of life, liberty, or property without due process of law. U.S. CONST. amend. V. The Fourteenth Amendment, on the other hand, restrains the states from depriving any person of life, liberty, or property without due process of law. U.S. CONST. amend. XIV, § 1.

*Smith v. U.S.*, 277 F.Supp.2d 100, 105 (D.D.C. 2003)(emphasis added). *Accord*, *Spencer v. Bouchard*, 449 F.3d 721, 727 & n.3 (6th Cir. 2006)("However, state pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause,...." "**Federal pretrial detainees** are similarly protected by the Fifth Amendment's Due Process Clause.")(emphasis added); *Massey v. Wheeler*, 221 F.3d 1030, 1036 n.1 (7th Cir. 2000)("The Fourteenth Amendment creates a due process right against the states . . . while the Fifth Amendment guarantees due process by the **federal government**.")(emphasis added); *Wrinkles v. Davis*, 311 F.Supp.2d 735, 738 (N.D. Ind. 2004)("The Fifth Amendment's due process clause applies only to acts of the **federal government** and does not limit actions of state officials.")(emphasis added).

The Third Circuit, during a review of the district court's dismissal of pre-trial detainees' due process claims, noted: "The Fifth Amendment Due Process Clause was implicated in *Bell*[*v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)] because the plaintiffs were **federal pre-trial**

**detainees**. Inasmuch as we are here concerned with state pre-trial detainees, any applicable constraints must arise from the Due Process Clause of the Fourteenth Amendment." *Hubbard v. Taylor*, 399 F.3d 150, 158 n.13(3 rd Cir.2005)(emphasis added).

The federal district court in Alabama made these comments when ruling on inmate Newsome's Fifth and Fourteenth Amendment claims:

> Violations of the Fifth and Fourteenth Amendments are the last of Newsome's allegations of constitutional deprivation under § 1983. Newsome avers that her substantive and procedural due process rights as a pretrial detainee, including the right to be free from cruel and unusual punishment during detention and the right not to be subjected to punishment without a hearing, were transgressed by the Officer Defendants' use of physical force without a legitimate governmental purpose. Newsome also asserts that the Defendants' actions were motivated by invidious gender animosity and as such breached her right to equal protection.
> At the outset, the Court recognizes that Newsome's due process claims are properly asserted under the Fourteenth Amendment because they are brought against state officials. The Due Process Clause of the Fourteenth Amendment supplies the applicable legal standards for claims involving state or local mistreatment of pretrial detainees, *see Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir.1996), whereas the Fifth Amendment's Due Process Clause applies only to the **federal government**. *See Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). Thus, to the extent the complaint makes allegations under the Fifth Amendment, those claims must be dismissed. However, the Court's dismissal of Newsome's claims under the Fifth Amendment does not affect her Fourteenth Amendment claims.

*Newsome v. Lee County, Ala.*, 431 F.Supp.2d 1189, 1198 (M.D. Ala. 2006)(emphasis added). *Accord*, *Bussey v. Phillips*, 419 F. Supp.2d 569, 586 (S.D. N.Y. 2006)("[Inmate] Bussey's citation to the Fifth Amendment is inapposite. Bussey's due process claims are against state, **not federal actors**, and thus the Fourteenth Amendment, rather than the Fifth Amendment, applies to these claims.")(emphasis added).

These rulings show Plaintiff's due process claim against the county and city officials is governed by the Fourteenth Amendment. Plaintiff has not stated a due process claim under the Fifth

3

Amendment because none of the defendants are federal officials.

The same is true for Plaintiff's equal protection claim–it is governed by the Fourteenth Amendment, not by the Fifth Amendment. "The equal protection component of the Fifth Amendment imposes precisely the same constitutional requirements on the **federal government** as the equal protection clause of the Fourteenth Amendment imposes on **state governments**." *Watkins v. U.S. Army*, 875 F.2d 699, 739 n. 2 (9th Cir. 1989)(emphasis added)(citing *Weinberger v. Wiesenfeld,* 420 U.S. 636, 638 n. 2, 95 S.Ct. 1225, 1228 n. 2, 43 L.Ed.2d 514 (1975)). *Accord*, *U.S. v. Forbes,* 816 F.2d 1006, 1013 n.6 (5th Cir.1987)("In Batson, a state prosecution, the Supreme Court construed the Fourteenth Amendment's equal protection clause, which **does not itself apply to federal prosecutions**. Nonetheless, the analysis in Batson governs this case because the Fifth Amendment, which **does constrain the federal government,** has been interpreted to require generally the same equal protection analysis as the Fourteenth Amendment.")(emphasis added)(citing *United States v. Leslie*, 813 F.2d 658 (5th Cir.1987) (en banc)).

Plaintiff has not sued a federal official so Plaintiff has not stated an equal protection claim under the Fifth Amendment because that claim applies only to federal officials.

**FOR THE FOREGOING REASONS**, Health Assurance asks the Court to dismiss the claim made by Plaintiff under the Fifth Amendment to the United States Constitution.

This the 18th day of May, 2007.

    Respectfully submitted,

    **HEALTH ASSURANCE, LLC**

    s/ *Robert H. Pedersen*
    Walter T. Johnson (MSB #8712)
    Robert H. Pedersen (MSB #4084)

OF COUNSEL:

Walter T. Johnson, Esq.
Robert H. Pedersen, Esq.
WATKINS & EAGER PLLC
The Emporium Building
400 East Capitol Street, Suite 300
P. O. Box 650
Jackson, Mississippi 39205
Phone:  (601) 965-1900
Fax:     (601) 965-1901

**CERTIFICATE OF SERVICE**

I, Robert H. Pedersen, as counsel for the defendants Health Assurance, LLC and Pat Olsen, hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

   Michael W. Crosby
   2111 25th Avenue
   Gulfport, MS  39501

   John H. Whitfield
   The Law Office of John Whitfield
   P.O. Box 351
   Biloxi, MS  39533

   Joseph Meadows
   Karen Jobe Young
   Meadows Riley Law Firm
   Post Office Drawer 550
   Gulfport, MS  39502

   Cyril T. Faneca
   Dukes, Dukes, Keating & Faneca
   P.O. Drawer W
   Gulfport, MS  39502

Benjamin U. Bowden
VAUGHN BOWDEN & WOOTEN PA
P.O. Drawer 240
Gulfport, MS  39502-0240

James Bailey Halliday
P. O. Box 6783
Gulfport, MS  39502

James L. Davis, III
P. O. Box 1839
Gulfport, MS  39502-1839

Robert W. Smith
918 Porter Avenue
Ocean Springs, MS  39564

George D. Hembree, III
MCGLINCHEY STAFFORD
P. O. Drawer 22949
Jackson, MS  39225-2949

Jeffrey S. Bruni
Assistant Gulfport City Attorney
Post Office Box 1780
Gulfport, MS  39502


THIS, the 18th day of May, 2007.


                  s / *Robert H. Pedersen*
                   Robert H. Pedersen