IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THE ESTATE OF JESSIE LEE
WILLIAMS, JR., DECEASED, BY
AND THROUGH HIS NEXT FRIEND
AND LEGAL REPRESENTATIVE,
TERRY WILLIAMS, ADMINISTRATOR,
OF THE ESTATE OF JESSIE LEE WILLIAMS, JR.                          PLAINTIFF

VS.                                              CIVIL ACTION NO. 1:06CV196LG-JMR

HARRISON COUNTY, MISSISSIPPI, BY AND
THROUGH ITS BOARD OF SUPERVISORS,
ET AL.                                                             DEFENDANTS

_____

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECTION 1985 AND SECTION 1986 CLAIMS
BY DEFENDANT HEALTH ASSURANCE LLC**
_____

Defendant Health Assurance LLC (Health Assurance) has moved to dismiss the claims Plaintiff makes under 42 U.S.C. § 1985 and 42 U.S.C. § 1986 because he fails to state a claim upon which relief can be granted.

"At this stage of the litigation, [the Court] must accept [the First Amended Complaint's] allegations as true. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

The First Amended Complaint (Document # 3) alleges the defendants conspired to interfere with the civil rights of Jesse Lee Williams, Jr. and that they failed to prevent the conspiracy. Plaintiff alleges the defendants violated 42 U.S.C. §1985 and 42 U.S.C. § 1986. (¶¶ 42-52).

Section 1985 proscribes five types of conspiracies and reads:

(1) Preventing officer from performing duties

    If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

(2) Obstructing justice; intimidating party, witness, or juror

    If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) Depriving persons of rights or privileges

    If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this

>section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985.

Section 1985(1) proscribes conspiracies that interfere with a federal official's lawful performance of his duties. *Kush v. Rutledge*, 460 U.S. 719, 724-725, 103 S. Ct. 1483, 1486-1487, 75 L.Ed.2d 413 (1983); *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987).

The First Amended Complaint does not allege defendants conspired to interfere with a federal official's performance of his duties. (Document # 3). Therefore, Plaintiff has not stated a claim under Section 1985(1).

Section 1985(2) consists of two parts. The first part of Section 1985(2) proscribes conspiracies that interfere with proceedings in federal courts. The second part of Section 1985(2) proscribes conspiracies that interfere with proceedings in state court with the intent to deny a person equal protection of the laws. *Kush v. Rutledge*, 460 U.S. at 724-725, 103 S. Ct. at 1486-1487; *Holdiness v. Stroud*, 808 F.2d at 424; *Deubert v. Gulf Federal Savings Bank*, 820 F.2d 754, 758 (5th Cir. 1987); *Daigle v. Gulf State Utilities Co., Local Union Number 2286*, 794 F.2d 974, 979 (5th Cir. 1986)("The first part of § 1985(2) proscribes conspiracies that interfere with the administration of justice in federal court, and the second part proscribes conspiracies that interfere with the administration of justice in state court").

The First Amended Complaint does not allege the defendants conspired to interfere with Jesse Lee Williams, Jr.'s participation in proceedings in federal court or in state court or that Jesse Lee Williams, Jr. sustained any injury or damages from such a conspiracy. (Document # 3).

3

Therefore, Plaintiff has not stated a claim under Section 1985(2). *See*, *Deubert v. Gulf Federal Savings Bank*, 820 F.2d at 758 ("Plaintiffs seeking to recover under section 1985(2) must allege 'a nexus between the alleged conspiracy and a proceeding in federal court.'. . .. They must further assert that they were injured on account of having attended or testified in federal court.")

Section 1985(3) has two parts. *Kush v. Rutledge*, 460 U.S. at 724-725, 103 S. Ct. at 1486-1487. The first part of Section 1985(3) proscribes a private conspiracy to deprive a person of equal protection under the law and equal privileges and immunities under the law but that conspiracy must be motived by a racial-based or other class-based, invidious discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 101-103, 91 S.Ct. 1790,1798-1799, 29 L.Ed.2d 338 (1971); *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5 th Cir. 2000), *aff'g*, 130 F. Supp. 2d 798 (S.D.Miss. 1999); *Daigle v. Gulf State Utilities Co., Local Union Number 2286*, 794 F.2d at 978. The Fifth Circuit stated the requirements for stating a claim:

> To come within the ambit of section 1985(3), a complaint must allege: (1) a conspiracy of two or more persons; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. . . .. **Furthermore, it is well-established in this circuit that the only conspiracies actionable under section 1985(3) are those motivated by racial animus**. . . . .

*Deubert v. Gulf Federal Savings. Bank*, 820 F.2d at 757(citations omitted)(emphasis added); *Newberry v. East Texas State University*, 161 F.3d 276, 281 n.2 (5 th Cir1998)("[P]laintiffs must allege that they are victims of a race-based conspiracy."). To state a claim under Section 1985(3) Plaintiff "must plead the operative facts upon which [his] claim is based. Mere conclusory allegations are insufficient. Equal specificity is required when a charge of conspiracy is made."

4

*Holdiness v. Stroud*, 808 F.2d at 424 (footnotes omitted).

The First Amended Complaint alleges the defendants engaged in a conspiracy to harm Jesse Lee Williams, Jr., to cover up the abuse Jesse Lee Williams, Jr. sustained and to refuse to prevent the harm sustained by Jesse Lee Williams, Jr. while a pre-trial detainee. ( ¶¶ 43 45-47).  However, Plaintiff does not allege Jesse Lee Williams, Jr. was the victim of a race-based conspiracy. (Document # 3).

In *Deubert v. Gulf Federal Savings Bank*, the Court affirmed the dismissal of plaintiffs Deubert and Deroche's first cause of action under 42 U.S.C. § 1985(3) because the plaintiffs did not allege the conspiracy was race-based:

> Deubert and Deroche do not claim that the alleged actions by the defendants were in any way motivated by racially discriminatory animus.  Instead, they contend that the alleged conspirators were motivated by their reporting of alleged improprieties to the Board.  Their failure to allege they were victims of a race-based conspiracy, however, forecloses the availability of relief under section 1985(3). Accordingly, we affirm the district court's dismissal of the plaintiffs' first cause of action.

*Deubert v. Gulf Federal Savings Bank*, 820 F.2d at 757.  *Accord*, *Newberry v. East Texas State University*, 161 F.3d 276, 281 n.2 ("*Deubert* remains the law in this circuit.").

The First Amended Complaint does not state a claim under the first part of Section 1985(3) because it does not state the defendants' alleged conspiracy was motivated by a "racially discriminatory animus".

The second part of Section 1985(3)  proscribes conspiracies that interfere with a person's participation in federal elections.  *Kush v. Rutledge*, 460 U.S. at 724-725, 103 S. Ct. at 1486-1487.

The First Amended Complaint does not allege the defendants conspired to interfere with Jesse Lee Williams, Jr.'s participation in federal elections. (Document # 3).  Therefore, Plaintiff has

not stated a claim under the second part of Section 1985(3).

In summary, the First Amended Complaint does not state a claim under any of the provisions of 42 U.S.C. § 1985.

The cause of action created in Section 1986 is related to and dependant upon a valid claim under Section 1985. Section 1986 reads:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

42 U.S.C. § 1986.

In *Hamilton v. Chaffin*, 506 F.2d 904, 914 (5th Cir. 1975) the Court held: "Because of this failure to state a claim cognizable under Section 1985(3), appellant may not recover under the interrelated, dependent cause of action under Section 1986, action for neglecting to prevent a known conspiracy under Section 1985." *Accord*, *Bryan v. City of Madison, Miss.*, 213 F.3 at 276 ("For that reason, Bryan's § 1985(3) claim fails. And because a valid § 1985 claim is a prerequisite to a § 1986 claim, that claim is also invalid."); *Newberry v. East Texas State University*, 161 F.3d at 281 n.3 ("If the § 1985 claim fails, so must the § 1986 claim.").

Since the First Amended Complaint does not state a claim under Section 1985, it follows that it also does not state a claim under Section 1986.

**FOR THE FOREGOING REASONS**, Health Assurance asks the Court to dismiss the claims made by Plaintiff under 42 U.S.C. § 1985 and 42 U.S.C. § 1986.

This the 18th day of May, 2007.

Respectfully submitted,

**HEALTH ASSURANCE, LLC**

s/ *Robert H. Pedersen*
   Walter T. Johnson (MSB #8712)
   Robert H. Pedersen (MSB #4084)

**OF COUNSEL:**

Walter T. Johnson, Esq.
Robert H. Pedersen, Esq.
WATKINS & EAGER PLLC
The Emporium Building
400 East Capitol Street, Suite 300
P. O. Box 650
Jackson, Mississippi 39205
Phone:  (601) 9965-1900
Fax:     (601) 965-1901

**CERTIFICATE OF SERVICE**

      I, Robert H. Pedersen, as counsel for the defendants Health Assurance, LLC and Pat Olsen, hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Michael W. Crosby
2111 25th Avenue
Gulfport, MS  39501

John H. Whitfield
The Law Office of John Whitfield
P.O. Box 351
Biloxi, MS  39533

Joseph Meadows
Karen Jobe Young
Meadows Riley Law Firm
Post Office Drawer 550
Gulfport, MS  39502

Cyril T. Faneca
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS  39502

Benjamin U. Bowden
VAUGHN BOWDEN & WOOTEN PA
P.O. Drawer 240
Gulfport, MS  39502-0240

James Bailey Halliday
P. O. Box 6783
Gulfport, MS  39502

James L. Davis, III
P. O. Box 1839
Gulfport, MS  39502-1839

Robert W. Smith
918 Porter Avenue
Ocean Springs, MS  39564

George D. Hembree, III
MCGLINCHEY STAFFORD
P. O. Drawer 22949
Jackson, MS  39225-2949

Jeffrey S. Bruni
Assistant Gulfport City Attorney
Post Office Box 1780
Gulfport, MS  39502


THIS, the 18th day of May, 2007.


                *s / Robert H. Pedersen*
                Robert H. Pedersen