IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THE ESTATE OF JESSIE LEE
WILLIAMS, JR., DECEASED, BY
AND THROUGH HIS NEXT FRIEND
AND LEGAL REPRESENTATIVE,
TERRY WILLIAMS, ADMINISTRATOR,
OF THE ESTATE OF JESSIE LEE WILLIAMS, JR.**     **PLAINTIFF**

**VS.**     **CIVIL ACTION NO. 1:06CV196LG-JMR**

**HARRISON COUNTY, MISSISSIPPI, BY AND
THROUGH ITS BOARD OF SUPERVISORS,
ET AL.**     **DEFENDANTS**

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT BY DEFENDANT PAT OLSEN

### PLAINTIFF'S CLAIMS

Plaintiff alleges Jessie Lee Williams, Jr. died from injuries he received in the booking area at the Harrison County Adult Detention Facility after Mr. Williams was arrested on February 4, 2006, and brought to the facility for incarceration. (First Amended Complaint at ¶¶ 8-13). Plaintiff filed this action against defendant Pat Olsen and several other defendants. (First Amended Complaint at ¶¶ 14-32).

Plaintiff's First Amended Complaint makes federal law claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986. (First Amended Complaint at ¶¶ 36-52). Plaintiff makes state-law claims under several tort and contract theories. (First Amended Complaint at ¶¶ 53-88).

Pat Olsen's name appears in the style of the case and in paragraph 24 where she is named as a party and identified as "the Medical Administrator" for the facility. Her name does not appear at

any other place in the First Amended Complaint. She is not identified by name, by employment title or by any other description at any other place in the First Amended Complaint. None of the federal law or state law claims asserted by Plaintiff are specifically directed against Pat Olsen.

## MOTION TO DISMISS

> To determine whether a motion to dismiss should be granted for failure to state a claim, the Court "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Pace v. Suntech, Inc.*, 900 F. Supp. 20, 23 (S. D. Miss.1995) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir.1992)). "The purpose of a Rule 12(b)(6) motion to dismiss is to test the statement of the claim for relief as set out in the complaint." *Pace* at 23 (citing *Murray v. Amoco Oil Co.*, 539 F.2d 1385, 1387 (5th Cir.1976)). "The motion may be granted only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Pace*, *supra*, (quoting *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir.1990)) (additional citations omitted). "Thus, in considering a motion to dismiss, the court's inquiry is limited to the contents of the complaint." *Pace* at 23-24 (citing *Jackson v. Procunier*, 789 F.2d 307, 309 n. 4 (5th Cir.1986)).

*O'Bannon v. Guardian Life Ins. Co. of America*, 331 F. Supp.2d 476, 477 (S .D. Miss. 2004).

A dismissal for failure to state a claim is with prejudice unless the order states it is without prejudice. F.R.C.P. 41(b); *see*, *Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 228, 115 S.Ct. 1447, 1457, 131 L.Ed. 2d 328 (1995)("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for **failure to state a claim**, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits. See, e.g., Fed. Rule Civ.Proc. 41(b); . . .")(emphasis added); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993)("However, where it appears 'beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief', . . . the court's decision to dismiss the claim with prejudice should be upheld.")

Reading the First Amended Complaint in the light most favorable to Plaintiff, all we know

2

about Pat Olsen is that she is the "Medical Administrator for the Harrison County Adult Detention Center", she supervises those who provide medical care to the inmates at the facility, she is employed by Harrison County, or by Sheriff Payne or by Health Assurance LLC, she is a Harrison County resident and she is sued in her official and individual capacities. (First Amended Complaint, at ¶ 24). The First Amended Complaint does not state she was at the facility on the date of the incident involving Jessie Lee Williams, Jr. or that she committed any of the acts injuring Jessie Lee Williams, Jr.

## Motion To Dismiss Federal Law Claims

In Count I, Plaintiff asserts a claim under 42 U.S.C. § 1983 for alleged violations of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Some of the other defendants are identified by name in Count I (First Amended Complaint at ¶¶ 39-40), but Pat Olsen's name does not appear in Count I. (First Amended Complaint at ¶¶ 36-41).

The allegation that Pat Olsen is some type of supervisor at the facility does not state a claim under 42 U.S.C. § 1983.

> There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir.1987). "Rather, a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir.2003).

*Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006).

Plaintiff has not stated a claim under 42 U.S.C. § 1983 against Pat Olsen because there is no allegation that Pat Olsen committed any of the acts that injured Jessie Lee Williams, Jr. and because Plaintiff has not alleged any "causal connection" between by Pat Olsen's supervisory duties and the acts of those persons who allegedly injured Jessie Lee Williams, Jr. and caused his death, so Pat

Olsen asks the Court to dismiss Plaintiff's § 1983 claim.

In Count II, Plaintiff makes a claim under 42 U.S.C. § 1985 that certain defendants conspired to interfere with Jessie Lee Williams, Jr.'s civil rights. (First Amended Complaint at ¶¶ 42-47). Pat Olsen is not named in Count II. Section 1985 proscribes five types of conspiracies.

Section 1985(1) proscribes conspiracies that interfere with a federal official's lawful performance of his duties.[1] *Kush v. Rutledge*, 460 U.S. 719, 724-725, 103 S. Ct. 1483, 1486-1487, 75 L.Ed.2d 413 (1983); *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987). The First Amended Complaint does not allege Pat Olsen conspired to interfere with a federal official's performance of his duties, so no claim is stated under Section 1985(1).

Section 1985(2) consists of two parts.[2] The first part of Section 1985(2) proscribes

---

[1] (1) Preventing officer from performing duties

If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

[2] (2) Obstructing justice; intimidating party, witness, or juror

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

conspiracies that interfere with proceedings in federal courts. The second part of Section 1985(2) proscribes conspiracies that interfere with proceedings in state court with the intent to deny a person equal protection of the laws. *Kush v. Rutledge*, 460 U.S. at 724-725, 103 S. Ct. at 1486-1487; *Holdiness v. Stroud*, 808 F.2d at 424; *Deubert v. Gulf Federal Savings Bank*, 820 F.2d 754, 758 (5th Cir. 1987); *Daigle v. Gulf State Utilities Co., Local Union Number 2286*, 794 F.2d 974, 979 (5th Cir. 1986)("The first part of § 1985(2) proscribes conspiracies that interfere with the administration of justice in federal court, and the second part proscribes conspiracies that interfere with the administration of justice in state court").

The First Amended Complaint does not allege Pat Olsen conspired to interfere with Plaintiff's participation in proceedings in federal court or in state court so Plaintiff has not stated a claim under Section 1985(2). *See*, *Deubert v. Gulf Federal Savings Bank*, 820 F.2d at 758 ("Plaintiffs seeking to recover under section 1985(2) must allege 'a nexus between the alleged conspiracy and a proceeding in federal court.'. . .. They must further assert that they were injured on account of having attended or testified in federal court.")

Section 1985(3) has two parts.[3] *Kush v. Rutledge*, 460 U.S. at 724-725, 103 S. Ct. at 1486-

---

[3]   (3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;  or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws;  or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States;  or to injure any citizen in person or property on account of such support or advocacy;  in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or

5

1487. The first part of Section 1985(3) proscribes a private conspiracy to deprive a person of equal protection under the law and equal privileges and immunities under the law but that conspiracy must be motived by a racial-based or other class-based, invidious discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 101-103, 91 S.Ct. 1790,1798-1799, 29 L.Ed.2d 338 (1971); *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000), *aff'g*, 130 F. Supp. 2d 798 (S.D.Miss. 1999); *Daigle v. Gulf State Utilities Co., Local Union Number 2286*, 794 F.2d at 978. The Fifth Circuit stated the requirements for stating a claim:

> To come within the ambit of section 1985(3), a complaint must allege: (1) a conspiracy of two or more persons; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. . . .. **Furthermore, it is well-established in this circuit that the only conspiracies actionable under section 1985(3) are those motivated by racial animus**. . . . .

*Deubert v. Gulf Federal Savings. Bank*, 820 F.2d at 757(citations omitted)(emphasis added); *Newberry v. East Texas State University*, 161 F.3d 276, 281 n.2 (5th Cir. 1998)("[P]laintiffs must allege that they are victims of a race-based conspiracy."). To state a claim under Section 1985(3) Plaintiff "must plead the operative facts upon which [his] claim is based. Mere conclusory allegations are insufficient. Equal specificity is required when a charge of conspiracy is made." *Holdiness v. Stroud*, 808 F.2d at 424 (footnotes omitted).

The First Amended Complain does not allege Pat Olsen engaged in a race-based conspiracy so no claim is stated against her under this part of Section 1985(3). In *Deubert v. Gulf Federal Savings Bank*, the Court affirmed the dismissal of plaintiffs Deubert and Deroche's first cause of

---

deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

action under 42 U.S.C. § 1985(3) because the plaintiffs did not allege the conspiracy was race-based:

> Deubert and Deroche do not claim that the alleged actions by the defendants were in any way motivated by racially discriminatory animus. Instead, they contend that the alleged conspirators were motivated by their reporting of alleged improprieties to the Board. Their failure to allege they were victims of a race-based conspiracy, however, forecloses the availability of relief under section 1985(3). Accordingly, we affirm the district court's dismissal of the plaintiffs' first cause of action.

*Deubert v. Gulf Federal Savings Bank*, 820 F.2d at 757. *Accord*, *Newberry v. East Texas State University*, 161 F.3d 276, 281 n.2 ("*Deubert* remains the law in this circuit.").

The second part of Section 1985(3) proscribes conspiracies that interfere with a person's participation in federal elections. *Kush v. Rutledge*, 460 U.S. at 724-725, 103 S. Ct. at 1486-1487. Plaintiff does not allege Pat Olsen conspired to interfere with Jessie Lee Williams, Jr.'s participation in federal elections, so Plaintiff has not stated a claim against Pat Olsen under the second part of Section 1985(3).

In summary, the First Amended Complaint does not state a claim against Pat Olsen under any of the provisions of 42 U.S.C. § 1985.

In Count III, Plaintiff makes a claim under 42 U.S.C. § 1986[4] for failure to prevent a

---

[4] Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

7

conspiracy. (First Amended Complaint at ¶¶ 48-52). Pat Olsen is not named in Count III.

The cause of action created in Section 1986 is related to and dependant upon the existence of a valid claim under Section 1985. In *Hamilton v. Chaffin*, 506 F.2d 904, 914 (5th Cir. 1975) the Court held: "Because of this failure to state a claim cognizable under Section 1985(3), appellant may not recover under the interrelated, dependent cause of action under Section 1986, action for neglecting to prevent a known conspiracy under Section 1985." *Accord*, *Bryan v. City of Madison, Miss.*, 213 F.3d at 276 ("For that reason, Bryan's § 1985(3) claim fails. And because a valid § 1985 claim is a prerequisite to a § 1986 claim, that claim is also invalid."); *Newberry v. East Texas State University*, 161 F.3d at 281 n.3 ("If the § 1985 claim fails, so must the § 1986 claim.").

Since the First Amended Complaint does not state a claim against Pat Olsen under 42 U.S.C. § 1985, it follows that it also does not state a claim against Pat Olsen under 42 U.S.C.§ 1986.

### Summary of Motion To Dismiss Federal Law Claims

Plaintiff has failed to state any federal law claim against Pat Olsen, so Pat Olsen asks the Court to dismiss with prejudice all federal law claims made against her.

### Motion To Dismiss State Law Claims

The Court has supplemental jurisdiction under 28 U.S.C. §1367 (a) over the state law claims made against Pat Olsen. If the Court dismisses the federal law claims made against Pat Olsen, then the Court should exercise its discretion under 28 U.S.C. §1367(c)(3) and dismiss the state law claims without prejudice.[5]

---

[5]Section 1367(a) and (c)(3) read:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district

> While the decision of whether to exercise supplemental jurisdiction in such a scenario is discretionary, "the general rule [is that] it is proper to decline to exercise supplemental jurisdiction over state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Yetiv v. Hall*, No. 04-20206, 2005 WL 19500, at *3 (5th Cir. Jan.5, 2005)(citing *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir.1999)). Consistent with the general rule, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.

*Valencia v. Mississippi Baptist Medical Center, Inc.*, 363 F.Supp.2d 867, 881 (S.D. Miss. 2005). Since all federal claims upon which this Court's original subject-matter jurisdiction is based have been dismissed, the Court should exercise its discretion and dismiss without prejudice the state law claims against Pat Olsen.

Alternatively, if the Court exercises its supplemental jurisdiction over the state law claims, the state law claims against Pat Olsen should be dismissed for failure to state a claim.

Count IV makes a claim for failing to train and supervise deputies. Pat Olsen's name does not appear in this count. (First Amended Complaint at ¶¶ 53-56). Count V makes a claim for negligent hiring, retention and failing to discipline certain sheriff department employees. Pat Olsen's name does not appear in this count. (First Amended Complaint at ¶¶ 57-59). Plaintiff does not allege Pat Olsen is responsible for training, supervising, hiring, retaining, terminating or disciplining deputies employed by the sheriff or that she failed to do so. In fact, the sheriff hires, terminates, trains and disciplines the deputies. *See*, Miss. Code Ann. § 19-25-19 (Rev. 2003). The First

---

courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
. . . .
(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
. . . .
(3) the district court has dismissed all claims over which it has original jurisdiction,
28 U.S.C.§ 1367(a),(c)(3)

Amended Complaint does not state a claim against Pat Olsen under Count IV and under Count V.

Count VI makes a state law claim for battery (First Amended Complaint at ¶¶ 60-62), for assault (First Amended Complaint at ¶¶ 63-65), for a civil conspiracy (First Amended Complaint at ¶¶66-68), for breach of fiduciary duty (First Amended Complaint at ¶¶ 69-71), for the tort of outrage, (First Amended Complaint at ¶¶ 72-74), for intentional infliction of emotional distress (First Amended Complaint at ¶¶ 75-77), for wrongful death ( First Amended Complaint at ¶¶ 78-79), for slander and for slander *per se* (First Amended Complaint at ¶¶ 80-84) and for breach of third party contract (First Amended Complaint at ¶¶ at 85-88).

Pat Olsen is not named in any of the claims. Plaintiff does not allege that Pat Olsen committed any of the acts that form the factual basis for these claims. Plaintiff does not allege Pat Olsen was present during the commission of any of the acts that form the factual basis for the claims. Pat Olsen is not alleged to be the employer of any of the persons who allegedly committed the acts that form the factual basis for these claims. For these reasons, the First Amended Complaint does not state a claim under Count VI against Pat Olsen.

### Summary of Motion To Dismiss State Law Claims

Pat Olsen asks the Court to decline to exercise supplemental jurisdiction over the state law claims and to dismiss them without prejudice.

Alternatively, Plaintiff has not stated a state law claim against Pat Olsen so she asks the Court to dismiss them with prejudice.

### MOTION FOR SUMMARY JUDGMENT

> FED.R.CIV.P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a

>matter of law. In effect, Rule 56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail. Summary judgment "is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth. Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists." *Whitaker v. Coleman,* 115 F.2d 305, 307 (5th Cir.1940). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25, 106 S.Ct. 2548. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256-57, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

*Kuehn v. United Van Lines, LLC*, 367 F.Supp.2d 1047, 1049 (S.D.Miss. 2005).

Pat Olsen relies on the same legal authorities cited in the argument presented in support of the motion to dismiss. She has filed an affidavit to provide the Court with the undisputed factual basis for those arguments.

Pat Olsen's affidavit confirms what is implied in the First Amended Complaint—She did not commit any of the acts that injured Jessie Lee Williams, Jr., she was not present when those alleged acts were committed and she is not responsible for those who allegedly committed the acts against Jessie Lee Williams, Jr.

On January 16, 2006, Health Assurance, LLC hired Pat Olsen to be the Health Service Administrator of the Medical Department at the Harrison County Adult Detention Facility in Gulfport, Mississippi. (Olsen Affidavit at ¶¶ 1-2). Pat Olsen administers and supervises the administration of the Medical Department but she is not a nurse or physician and does not medically treat the inmates at the Detention Facility. (Olsen Affidavit at ¶ 3). Pat Olsen is not the employer

of the nurses and physicians who treat the inmates and she does not make the policies that govern the operation of the Detention Facility. (Olsen Affidavit at ¶ 3). Pat Olsen did not work at the Detention Facility on Saturday, February 4, 2005, the date Jessie Lee Williams, Jr. was brought to the Detention Facility. (Olsen Affidavit at ¶ 5). Pat Olsen did not know that Jessie Lee Williams, Jr. had been arrested and brought to the facility for incarceration on February 4, 2006, she never threatened to injure and never committed any physical act toward him and did not conspire with anyone to injure Jessie Lee Williams, Jr. (Olsen Affidavit at ¶¶ 6, 9)). Pat Olsen never made any defamatory statements about Jessie Lee Williams, Jr. (Olsen Affidavit at ¶ 8). Pat Olsen did not hire the sheriff deputies and had no authority over them. (Olsen Affidavit at ¶ 10).

## Motion For Summary Judgment on Federal Law Claims

The facts in Pat Olsen's affidavit show Plaintiff cannot prove that Pat Olsen committed any alleged acts violating Jessie Lee Williams, Jr.'s rights under any of the federal constitutional amendments cited in the First Amended Complaint.

"A plaintiff asserting a claim under § 1983 generally must prove (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation (2) proximately caused (3) by the conduct of a "person" (4) who acted "under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia." 42 U.S.C. §1983." *Roderick v. City of Gulfport, Miss.*, 144 F. Supp.2d 622, 633 (S.D.Miss. 2000).

Plaintiff cannot prove any of these elements against Pat Olsen. Pat Olsen was not present so she did not commit any of the acts that allegedly violated Jessie Lee Williams, Jr.'s constitutional rights. Under section 1983, the doctrine of *respondeat superior* does not apply, so she is not vicariously liable for the alleged acts of those persons who were present. For these reasons, Pat

12

Olsen asks the Court to dismiss with prejudice Plaintiff's claims made against her under 42 U.S.C. § 1983.

Pat Olsen's affidavit also supports summary judgment on the federal claims Plaintiff makes against her under 42 U.S.C. §1985 and 42 U.S.C.§1986. Pat Olsen did not know Jessie Lee Williams, Jr. had been arrested and brought to the facility for incarceration so she could not conspire and did not conspire with anyone to mistreat Mr. Williams. Additionally, under the legal authorities cited in the argument submitted above in support of the motion to dismiss, Plaintiff does not allege and Pat Olsen's affidavit shows she did not conspire with anyone to injure Jessie Lee Williams, Jr. so Plaintiff cannot prove the claims made under 42 U.S.C. §1985 and 42 U.S.C. § 1986. For these reasons, Pat Olsen asks the Court to grant summary judgment on these federal claims and to dismiss them with prejudice.

## Motion For Summary Judgment on State Law Claims

If the Court exercises supplemental jurisdiction over Plaintiff's state law claims, Pat Olsen asks the Court to grant summary judgment because the undisputed facts show Plaintiff cannot prove any of the state law claims against her.

Pat Olsen does not employ any of the deputies who allegedly assaulted Jessie Lee Williams, Jr. and she has no authority to hire, fire, supervise, discipline or terminate any of the deputies. Pat Olsen was not present when Jessie Lee Williams, Jr. was brought to the facility and she never threatened to injure nor did she actually injure Jessie Lee Williams, Jr. Pat Olsen made no defamatory written or verbal statements about Jessie Lee Williams, Jr. Based on these undisputed facts, Pat Olsen asks the Court to grant summary judgment and dismiss all state law claims made against her.

## **CONCLUSION**

Plaintiff has failed to state a federal law claim or a state law claim upon which relief could be granted against Pat Olsen so she asks the Court to grant her Rule 12(b)(6) Motion to Dismiss and to dismiss with prejudice all claims made against her.

Based on the undisputed facts in the record, Pat Olsen is entitled to a judgment of dismissal as a matter of law, so she asks the Court to grant her Motion to Summary Judgment and to dismiss her with prejudice from all claims made in the First Amended Complaint.

Respectfully submitted,

**PAT OLSEN**


*s/ Robert H. Pedersen*
Robert H. Pedersen


**OF COUNSEL:**

Walter T. Johnson (MSB #8712)
Lindy D. Brown (MSB #101263)
Robert H. Pedersen (MSB #4084)
WATKINS & EAGER PLLC
The Emporium Building
400 East Capitol Street, Suite 300
P. O. Box 650
Jackson, Mississippi 39205
Phone:  (601) 948-6470
Fax:     (601) 354-3623
wjohnson@watkinseager.com
lbrown@watkinseager.com
bpedersen@watkinseager.com

Robert W. Smith, Esq.
918 Porter Avenue
Ocean Springs, MS 39564

*Attorneys for Pat Olsen*

## CERTIFICATE OF SERVICE

I, Robert H. Pedersen, as counsel for the defendants Health Assurance, LLC and Pat Olsen, hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Michael W. Crosby
2111 25th Avenue
Gulfport, MS  39501
    *Attorney for Plaintiff*

John H. Whitfield
The Law Office of John Whitfield
P.O. Box 351
Biloxi, MS  39533
    *Attorney for Plaintiff*

Joseph Meadows
Karen Jobe Young
Meadows Riley Law Firm
Post Office Drawer 550
Gulfport, MS  39502
    *Attorney for Harrison County, Mississippi*

Cyril T. Faneca
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS  39502
    *Attorney for George Payne*

Benjamin U. Bowden
VAUGHN BOWDEN & WOOTEN PA
P.O. Drawer 240
Gulfport, MS  39502-0240
    *Attorney for Evan Hubbard*

James Bailey Halliday
P. O. Box 6783
Gulfport, MS  39502
    *Attorney for Regina Rhodes*

James L. Davis, III
P. O. Box 1839
Gulfport, MS  39502-1839
    *Attorney for Ryan Teel*

Robert W. Smith
918 Porter Avenue
Ocean Springs, MS  39564
    *Attorney for Pat Olsen*

George D. Hembree, III
MCGLINCHEY STAFFORD
P. O. Drawer 22949
Jackson, MS  39225-2949
    *Attorney for American Correctional Association*

Jeffrey S. Bruni
Assistant Gulfport City Attorney
Post Office Box 1780
Gulfport, MS  39502
    *Attorney for City of Gulfport, Mississippi*

William E. Whitfield, III
Bryant, Dukes & Blakeslee, P.L.L.C.
P.O. Box 10
Gulfport, MS 39502-0010
    *Attorney for Kelly Knight*

THIS, the 21st day of May, 2007.

                                            *s/ Robert H. Pedersen*
                                              Robert H. Pedersen