IN THE UNITED STATESFEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT
SOUTHERN DIVISION

THE ESTATE OF JESSIE LEE WILLIAMS, JR., DECEASED          PLAINTIFFS

VERSUS                                    CIVIL ACTION NO. 1:06cv196LG-RHW

HARRISON COUNTY, MISSISSIPPI, ET AL                         DEFENDANTS

## DEFENDANT, EVAN L. HUBBARD'S, ANSWER
## AND DEFENSES TO FIRST AMENDED COMPLAINT

COMES NOW, Defendant, Evan L. Hubbard, by and through his attorneys of record, VAUGHN, BOWDEN & WOOTEN, PA, and pursuant to the Court's Text Order dated May 24, 2007, files this his Answer and Defenses to First Amended Complaint (Docket No. 3), and states:

### FIRST DEFENSE

Defendant, Evan L. Hubbard, moves to dismiss the First Amended Complaint because it fails to state a claim against him upon which relief can be granted.

### SECOND DEFENSE

### ANSWER

Defendant, Evan L. Hubbard, does admits that Harrison County, Mississippi is a political subdivision of Mississippi, as alleged in Paragraph 15; denies the allegations of Paragraph 16; admits that George Payne is the elected sheriff of Harrison County, Mississippi, as alleged in Paragraph 17; admits that he is an adult resident citizen of Harrison County, Mississippi, but denies that he was assigned to the Bookkeeping Department, and denies that he was present while Jessie Lee Williams, Jr. was being abused and beaten as alleged in Paragraph 23; admits that the City of Gulfport, Mississippi

is a municipality incorporated under the laws of the State of Mississippi, as alleged Paragraph 31; admits that this court has jurisdiction over any federal law claims under 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over any state law claims 28 U.S.C. § 1367, as alleged in Paragraph 34; admits that venue is proper, as alleged in Paragraph 35; denies that he commenced to engage in a course of conduct and to implement policy, usage, plan or practice wherein the rights, privileges or immunities of Jessie Lee Williams, Jr. were violated or, in any way, participated in any of the allegations, as alleged in Paragraph 37; denies that he, in any way, acted to deprive Jessie Lee Williams, Jr. of certain rights, privileges and immunities secured by the Constitution of the United States of America, the laws of this nation and the State of Mississippi. Specifically, this Defendant denies that he, in any way, acted to deny Jessie Lee Williams, Jr. of his fifth and/or fourteenth amendment rights to procedural and substantive due process, and to the equal protection of the laws, together with his eighth amendment right prescribing cruel and unusual punishment, as alleged in Paragraph 38; denies that any of his actions directly or proximately resulted in any injuries to Jessie Lee Williams, Jr., or caused or contributed to his death, or, in any way, contributed to Jessie Lee Williams, Jr. experiencing extreme pain, suffering, humiliation, degradation, mental stress, and severe emotional anguish, as alleged in Paragraph 41; denies that he began preparation for Jessie Lee Williams, Jr.' arrival at the Harrison County Adult Detention Facility, or that he took part in any of the allegations, as contained in Paragraph 43; denies allegations of Paragraph 44; denies the allegations of Paragraph 47; denies that he physical beat Jessie Lee Williams, Jr., or intended, in any way, to cause harm to Jessie Lee Williams, Jr., or unnecessarily inflict

pain, suffering, and distress upon Jessie Lee Williams, Jr., as alleged in Paragraph 61; is without sufficient information to form a belief as to the truth of the allegation that Jessie Lee Williams, Jr. died of wounds he sustained at the Harrison County Adult Detention Facility, as alleged in Paragraph 62, but denies that Plaintiff is entitled to any money judgment against him, as alleged in Paragraph 62; denies the allegations of Paragraph 64; denies that allegations of Paragraph 65; denies that allegations of Paragraph 67; denies the allegations of Paragraph 68; denies the allegations of Paragraph 70; denies the allegations of Paragraph 71; denies the allegations of Paragraph 73; denies the allegations of Paragraph 74; denies the allegations of Paragraph 76; denies the allegations of Paragraph 77; denies the allegations of Paragraph 79; denies the allegations of Paragraph 90.

Defendant, Evan L. Hubbard, is without knowledge or information sufficient to form a belief as to the truth of the allegations in the following paragraphs, and therefore denies same: Paragraphs, 1-14, 18-22, 24-30, and 32-33.

Defendant, Evan L. Hubbard, denies each an every other allegation in the First Amended Complaint, to include all claims for relief set forth in the "Prayer for Relief".

### THIRD DEFENSE

Defendant, Evan L. Hubbard, pleads all applicable privileges and immunities under both state and federal law, included, but not limited to, the common law and statutory doctrine of sovereign immunity, absolute immunity, and qualified immunity. This Defendant is protected by sovereign, absolute and qualified immunity against suit, and against any claims for penalties, damages, attorneys' fees, or any other damages as requested in Plaintiff's First Amended Complaint.

## FOURTH DEFENSE

Defendant, Evan L. Hubbard, pleads all applicable immunities, defenses and provisions to which he is entitled under §§ 11-46-1, *et. seq.* of the Mississippi Code of 1972, commonly know as the Mississippi Tort Claims Act, including, but not limited to, all notice requirements, all exceptions of the waiver of sovereign immunity, all statute of limitation, the right to a bench trial, and limitations on liability and pain therein.

## FIFTH DEFENSE

Defendant, Evan L. Hubbard, owed no duty of Deceased, Jessie Lee Williams, Jr., at the time of the alleged incident.

## SIXTH DEFENSE

Defendant, Evan L. Hubbard, pleads the application of Miss. Code Ann. § 85-5-7 (1972), and appropriate apportionment of damages to all parties who may be liable to Plaintiff in direct proportion to their individual or respective percentage of fault or negligence.

## SEVENTH DEFENSE

Any alleged injury to Jessie Lee Williams, Jr. was caused or contributed to by independent, intervening or superseding acts or omissions of others for whose actions the Defendant, Evan L. Hubbard, has no liability, vicariously or otherwise.

## EIGHTH DEFENSE

Any alleged negligence by Defendant, Evan L. Hubbard, did not proximately cause the damages or injuries in the First Amended Complaint.

## NINTH DEFENSE

Defendant, Evan L. Hubbard, is immune from punitive damages.

## **TENTH DEFENSE**

Plaintiffs claim for punitive damages under Mississippi law violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution and Article 3, Sections 14, 23, *26, 28* and 31 of the Mississippi Constitution because, inter alia, (a) the standard for the award of punitive damages is so vague and indefinite that it does not give this Defendant adequate notice of the kind of conduct for which he may be liable for punitive damages or the extent of his possible liability; (b) the jury is not provided with standards of sufficient clarity, objectivity, and uniformity for determining either the appropriateness or the appropriate size of punitive damages; (c) the jury is not instructed on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (d) the jury is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (e) the jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and which do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; (f) an award of punitive damages is not subject to appellate review on the basis of objective and uniform standards; (g) the procedures applicable to the imposition of punitive damages would permit an award of multiple punitive damages for the same act or omission; (h) the procedures used by Mississippi courts, and the guidelines given to the jurors, jointly and separately, are vague and, therefore, (1) impermissibly delegate to jurors policy matter, (2) impermissibly allow jurors broad, unlimited and undefined power to make determinations on their notions of what the law should be instead of what it is, and (3) fail to eliminate the effects of, and to guard against, impermissible juror passion; and (I) present Mississippi law does

not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages.

## ELEVENTH DEFENSE

Plaintiff's claim for punitive damages under Mississippi law is unconstitutional under the Mississippi Constitution Article 3, Section 32, because the claim impairs the inherent and natural right of the Defendant to conduct a lawful business absent from the perils and extortionate demands and threats that this punitive damage claim poses. On that basis, the claim also violates the Fifth Amendment to the United States Constitution and Article 3, Section 17 of the Mississippi Constitution. Said punitive claim likewise violates Mississippi Constitution Article 3 Section 28.

And now having responded to the First Amended Complaint, Defendant, Evan L. Hubbard, asks that all claims against him be dismissed with prejudice and costs be assessed against the Plaintiff.

RESPECTFULLY SUBMITTED this the __12th__ day of June, 2007.

**EVAN HUBBARD, Defendant**

VAUGHN, BOWDEN & WOOTEN, PA
His Attorneys


BY:        /s/ *Benjamin U. Bowden*
BENJAMIN U. BOWDEN
Mississippi Bar No. 3733

## CERTIFICATE OF SERVICE

I, Benjamin U. Bowden, do hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to all ECF participates and I hereby certify that I have this day mailed via U. S. Postal Service, postage prepaid to all non-ECF participants as outlined on Notice of Electronic Filing.

THIS, the __12th__ day of June, 2006.

_/s/ Benjamin U. Bowden_
BENJAMIN U. BOWDEN

VAUGHN, BOWDEN & WOOTEN, PA
Attorneys at Law
2300 – 20th Street
Post Office Drawer 0240
Gulfport, Mississippi 39502-0240
Telephone: (228) 863-5656
Facsimile: (228) 864-8962
Mississippi Bar No. 3733